IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE

FILED
NOV 02 2012
KATHY BLOUNT, CIRCUIT COURT CLERK
DEPUTY CLERK 3:50 A.M.

JEFFERY GAYLON DOUGLAS,
    PLAINTIFF,

vs.   Docket Number: C-12-278

STATE OF TENNESSEE, ET AL,
DONALD H. ALLEN, JUDGE
JANE DOE, JURIES 1 - 13,
JOHN DOE, JURIES 1 -13,
SHAUN A. BROWN, ASSISTANCE DISTRICT ATTORNEY, TRIAL PROSECUTOR,
GREGORY D. GOOKIN, PUBLIC DEFENDER,
DANIEL JONES, JACKSON POLICE DEPARTMENT, INVESTIGATOR,
LISA PIERCE, DOCTOR, WITNESS FOR VICTIM,
JENNIFER PLUNK, MORTHER OF VICTIM,
FS, VICTIM,
RALPH TURNER, WITNESS FOR VICTIM,
JAMES G. WOODALL, DISTRICT ATTORNEY GENERAL,
    DEFENDNATS,

_____

**CIVIL ACTION**

_____

## CIVIL ACTION

COME NOW, the Plaintiff, **Jeffery Gaylon Douglas**, pursuant to **T.C.A. § 4-21-801 et seq, the Tenn. Rules of Court, Preliminary Proceedings, Rule 3 and 4** in the above cause and avers this action for the intentional alleged infliction and hereby brings this **Civil Rights Claim Action** in the amount of **Two Million Dollars (2M)** against the here-in-named Defendants as follows:

1. The here-in-named Defendant's having been guilty of the following wrongs, all which proximately have resulted in torts to Plaintiff:

    1. In knowingly or negligently represented malicious prosecution,
    2. In knowingly or negligently failure to disclose the truth,
    3. Emotional Distress,
    4. Psychological Injuries,
    5. Intangible
    6. Loss of Society Damages,
    7. Actual Damages

2. This complaint and action, is alleging that Plaintiff has been **'emotionally harmed'** by the defendants, FS , **Jennifer Plunk, Ralph Turner,** mistaken attempt of **'extortion.'** In fact, a criminal action and good cause for action for intentional or reckless infliction of emotional distress by means of extreme and/or outrageous conduct.

    **T.C.A. § 39-14-112(a),**

    **T.C.A. § 39-14-112(3, 4),**

3. Fact that Plaintiff, **'posse no knowledge'** which is admittedly, the possession by those of an attorney. The alleged Plaintiff in fact **'did not commit'** the alleged allegation. Therefore, would be a matter of defense action for damages for intentional infliction of emotional harm or emotional distress; such knowledge of one would be imputed to corporate entity.

4. If liability, can be imposed upon Plaintiff whereas the evidence presented **was mere allegation** and/or **insufficient**. Then one should be liable who by means of extreme and/or outrageous tactics willfully and/or recklessly inflicts metal and emotional injury, humiliation, and/or shock upon another.

5. *Standards Application* to torts of outrageous conduct, **i.e.** extreme and/or outrageous and not tolerated in civilized society are like **"negligence'** and other variable standards which, are based upon common sense of the community, primarily for application by the jury.

6. 1. Plaintiff is entitled to relief sought as follows, but not limited to:

    1. Intangible,

    2. Psychological Injuries,

    3. Financial,

    4. Property,

    5. Physical Harm,

**Ferrill v. Park Group Inc., 168 F.3d 468 (11th Cir. 1999)**

    6. Metal,

    7. Emotional Distress,

**Daskalea v. District Of Columbia, 227 F.3d 261 (3rd Cir. 2000)**

   2. Loss of Society Damages:

    1. Love,

    2. Affection,

    3. Care,

    4. Attention,

    5. Companionship,

    6. Comfort,

    7. Guidance,

    8. Protection

**McClain v. Owens Corning Ware Fiberglass, 139 F.3d 1124 (7th Cir. 1998)**

      3. Loss of Actual Damages;

          1. Metal Pain,

          2. Suffering,

**Smith v. The Berry Co., 198 F.3d 150 (5th Cir. 1999)**

          3. Emotional Distress,

              1. Sleeplessness,

              2. Anxiety,

              3. Stress,

              4. Humiliation,

**Salinas v. O'Neal, 286 F.3d 827 (5th Cir. 2002)**

**Thompson v. Oeiu, 74 F.3d 1492 (6th Cir 1996)**

7.    Punitive damages may, in discretion of trier of facts, be awarded, in cases seeking recovery of outrageous conduct.

**Moorehead v. J. C. Penny Company Inc., 555 S.W.2d 713**

8.    There are three elements to cause of action for outrageous conduct:

        1. Conduct must be **intentional** or reckless,

        2. Must be so outrageous, that it is not tolerated by civilized society,

        3. Must result in **serious injury,**

9.    Liability for metal distress damages extend to, mere insults, indignities, threats, annoyances, petty oppression, or other trivialities. Intentional infliction of emotional distress and outrageous conduct are two (2) separate torts for same cause of action for liability damages and torts.

10.    Creation of civil action is when 'A person may be liable to the victim of malicious harassment for both special and general damages, **including, but not limited to,** damages for emotional distress and punitive damages.

**T.C.A. § 4-21-701, Acts 1990, ch. 908 § 1**

11.     Alternative remedies are preserved for remedies of malicious harassment provided in this part shall be in additional to, and shall not preclude victims from seeking, other remedies, criminal or civil, otherwise available under the law.

Therefore, this action charges the Defendants with torts of malicious prosecution and intimidation, and Defendants having been guilty of the following wrongs, all which proximately have resulted in torts to Plaintiff:

    **1.** The general assembly finds and declares that it is the civil right of every person to be secure, protected from fear, intimidation, harassment, and bodily injury caused by individuals.

    **2.** Wherefore, a person coerces another person with the intent to, unlawfully intimidate another, a privilege secured by the constitution, or laws of the United States, or the Constitution, or the laws of the state of Tennessee.

**T.C.A. § 39-17-309(a)**

**T.C.A. § 39-17-309(b)(2)**

**12.** Plaintiff reserves the right to be appointed counsel, or obtain counsel, or to modify this action if deemed necessary.

**13.**    Notice of disposition date pursuant to **T.R.C.P. 41.02** and **Local Rule 18:** Plaintiff reserves the right to any extension necessary should the disposition date, **"One-Year,"** to resolve or set for trial occur for the following reasons:

    **1.** Plaintiff is incarcerated which incapacitates Plaintiff from forwarding in normal activity or circumstances of the Court Procedure.

    **2.** The matter involves Criminal Action, in which Plaintiff is seeking relief.

    **3.** Plaintiff has a conviction-imposed sentence of Ten (10) Years, which incapacitates Plaintiff from forwarding in normal daily activity.

    **4.** Plaintiff request any extension or extensions be **GRANTED** under the current circumstances as presented.

14. Pro Se Litigant bring **Civil Rights Suit** in **Forma Pauperis** is entitled to five protections:

   1. Process, Issues, and Served,

   2. Notice thereafter made by defendants or the court to dismiss the complaint and grounds therefor.

   3. Opportunity to submit a written memorandum in opposition to such motions

   4. In the event of dismissal, a statement of the grounds thereof.

   5. Opportunity to amend the complaint to overcome the deficiency unless it clearly appears from the complaint that the deficiency can not be overcome by amendment.

**Knoll v. Carson, 809 F.2d 1446 (9th Cir. 1987)**

   6. Be allowed some degree of flexibility in pleading Plaintiff's action and be ensured meaningful access to the court.

**Boguslavsky v. Kaplan, 159 F.3d 715 (2nd Cir. 1998)**

**Randle v. Rowland, 154 F.3d 952 (9th Cir. 1998)**

   7. Pro Se prisoner Litigant's pleadings must be construed liberal on Motion for judgement

**Frost v. Symington, 197 F.3d 348 (9th Cir. 1999)**

15. **"Deception"** which means, that a person knowingly;

   1. Creates or reinforces, a false impression by *"words or conduct,"* including false impressions of *"facts, law, or intention."*

   2. Prevents another from acquiring information which would *"likely"* effect the other's judgement in the transaction,

   3. *"Fails"* to correct a *"false impression or facts"* the person knows to be false, and

      1. The person created, or

      2. Knows is *"likely"* to 'influence another

T.C.A. § 39-11-106(6)(A)

16. The offense of conspiracy is committed if [Two] (2) or more people, 'each having the culpable mental state required for the offense' that is the object of the conspiracy. Each acting for the purpose of promoting or facilitating the commission of the offense agrees that [One] (1) or more of them will engage in conduct that constitutes the offense.

6

If a person guilty of conspiracy, as defined in subsection (a), knows that another with whom the person conspires to commit the same offense has conspired with [one] (1) or more other people to commit the same offense. The person is guilty of conspiring with the other person or persons, whether or not their identity is know, to commit the offense.

**T.C.A. § 39-12-103**

17. **Serving and Filing Papers,** when required. A party shall serve on every other party, a written notice. **The Method of Service,** Service of a copy of a document on a party shall be made, by leaving a copy with court clerk. If no address is known, service is accomplished by leaving the copy with clerk of the court.

**T.R.C.P., General Provisions, Rule 49(a)(2), (b)(2)(C)**

18. Wherefore, Supreme Court has recently quoted the 'United States Supreme Court' to effect. That, **"It is well established that 'a complaint should not be dismissed'** for failure to state a claim. Unless it appears beyond doubt that the Plaintiff can prove no set facts in support of Plaintiff's claim that would entitle Plaintiff relief.

**Fuerst v. Methodist Hospital South (1978 Tenn.) 566 S.W.2d 847, 848**

**Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 90 (1975)**

19. Therefore, in scrutinizing the complaint in face of a 12.02(6) motion, "the Court should construed the complaint liberally in favor of the Plaintiff, taking all of the allegations of facts therein true."

**Huckeby v. Spangler, (1975 Tenn.) 521 S.W.2d 568, 571**

**Therefore,** in view, the complaint sufficiently charges the Defendants with Malicious Prosecution, Extortion, and Intimidation, and minimally sets forth the facts as required by **T.R.C.P. Rule 9.02.** Applying this rule in the instance case, Plaintiff has a complaint, which charges Defendants with Malicious Prosecution, Extortion, and Intimidation by concealment of information regarding said Plaintiff.

**Wherefore,** true the rule does not actually employ the words "Malicious Prosecution, Extortion, and Intimidation," However, states Malice and such is unnecessary as "Malicious Prosecution, Extortion, and Intimidation" is a legal conclusion drawn from its own set facts.

20. Plaintiff avers that the Court **GRANT** any other relief to which Plaintiff may be or is entitled thereof. In additional, the Court **GRANTS** any other relief that is applicable and/or necessary to perform the mandatory duties of the Court, Local Constitution, State Constitution, United States Constitution, and the laws thereof.

21. Motion in Opposition to "any Defendant's Motion" of Dismissing or Squashing of said Civil action or Subpoena, the Plaintiff hereby avers, whether or not cited here-in this action, the laws which support this action, and that:
   1. The alternative remedies are preserved,
   2. The privileges are secured by the constitution,
   3. Of the laws of the United States,
   4. Of the State Constitution,
   5. Of the Federal Constitution,
   6. Of the laws of the state of Tennessee,

**T. C. A. § 4-21-702**

**See Page Five (5), Paragraph Eleven (11)**

22. **YOU ARE HEREBY SUMMONED AND COMMANDED** within **Thirty (30) Days** after service of this summons upon you, exclusive of the day of service. To serve upon the Plaintiff and the court herein, an answer to this complaint, which is herewith served upon you. If you fail to do so, judgement by default will be taken against you for the relief demanded in this complaint.

## PLAINTIFF VERIFICATION

I, **Jeffery Gaylon Douglas,** certify under penalty of perjury, that the forgoing is true and correct to best of my Knowledge, Information, and Belief.

## PLAINTIFFS IMMUNITY

Any person making a report under this part shall be immune from civil liability that might otherwise be imposed for such action.

**Acts 1996, Chapter 842, § 2**

## AFFIDAVIT OF INDIGENCE

I, **Jeffery Gaylon Douglas,** pursuant to **T.C.A. § 41-21-805 et seq,** do solemnly swear or affirm that because of my poverty, I am unable to bear the expenses of this action which I am about to commence.

Furthermore, swear or affirm, to the best of my Knowledge, Information, and Belief, I am justly entitled to the relief sought.

Respectfully Submitted,

*Jeffery Gaylon Douglas* 9/24/12

Jeffery G. Douglas, 467106

**Northwest Correctional Complex**

**960 State Route 212**

**Tiptonville, TN. 38079**

SWORN TO AND SUBSCRIBED before me on this the 24th day of September 20 12 a Notary Public whose Commission Expires on 11/29 | 20 15

Notary Public