**FILED**

Filed in the

**CIRCUIT COURT OF MADISON COUNTY, TENNESSEE**

NOV 0 2 2012

KATHY BLOUNT-GIBSON COURT CLERK

DEPUTY CLERK **3.50** P.M.
A.M.

JEFFERY GAYLON DOUGLAS,

    **PLAINTIFF,**

**vs.**                    Docket Number: ___*C - 12 - 278*___

STATE OF TENNESSEE, ET AL,

    **DEFENDANTS**

---

**Documents Filed in the above Court and Docket Number**

---

    **COME NOW,** the Plaintiff, **Jeffery Gaylon Douglas,** before **The Circuit Court of Madison County,** and having filed together the following documents.

    **Therefore** Plaintiff, having requested a **'Filed Stamped Copy'** of those documents as proof of receiving and filing in the here-in-named Court.

| | | |
|---|---|---|
| **1.** Civil Action | **Page** | |
|    **1.** Affidavit of Indigence, | 09 | |
|    **2.** Inmate Trust Fund Balance Certification, | 10 | ***Omitted to Defendant's*** |
|    **3.** Plaintiff Verification, | 09 | |
|    **4.** Named Return of Service Notice, | 11 | ***Attached to Outside of Envelope*** |
|       **1.** Donald H. Allen, | | |
|       **2.** Shaun A. Brown, | | |
|       **3.** Gregory D. Gookin, | | |
|       **4.** Daniel Jones, | | |
|       **5.** Lisa Pierce, | | |
|       **6.** James G. Woodall, | | |
|    **5.** Blank Return of Service Notice, | 11 | ***Enclosed for Non-Served Defendant*** |
|       **1.** Jane Does, | | |
|       **2.** John Does, | | |

1

**3.** Jennifer Plunk,

**4.** FS                          ,

**5.** Ralph Turner,

**2.** Temporary Injunction,                    ***Separate Document***

**3.** Interrogatories to Defendants,           ***Separate Document***

---

I, **Jeffery Gaylon Douglas,** Affirm under penalty of perjury, that the foregoing is true and correct to the best of my Knowledge, Information, and Belief.

**Furthermore,** that all documents here in listed together, mailed on this the 31st day of October          , 20 12 .

**In additional,** all documents mailed, to the Clerk of Court, of Madison County Tennessee, instead of Defendants, whether their addressed is known or unknown by Plaintiff, and to be, served upon the Defendants to wit, together.

Respectfully Submitted,

*Jeffery Gaylon Douglas* 10/30/12

**Jeffery Gaylon Douglas, 467106**

**Northwest Correctional Complex**

**960 State Route 212**

**Tiptonville, TN. 38079**

---

**I DECLARE UNDER PENALTY** of perjury of the Laws of the **United States of America,** that I have received here-in-listed documents on this the _____ day of _____, 20 _____.

_____

**Signature of Clerk & Stamp**

2

FILED

NOV 02 2012

IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE

KATHY BLOUNT, CIRCUIT COURT CLERK

DEPUTY CLERK 3:50 P
A.M.

JEFFERY GAYLON DOUGLAS,

      **PLAINTIFF,**

vs.

                              Docket Number: _____ C-12-278 _____

STATE OF TENNESSEE, ET AL,

DONALD H. ALLEN, JUDGE

JANE DOE, JURIES 1 - 13,

JOHN DOE, JURIES 1 -13,

SHAUN A. BROWN, ASSISTANCE DISTRICT ATTORNEY, TRIAL PROSECUTOR,

GREGORY D. GOOKIN, PUBLIC DEFENDER,

DANIEL JONES, JACKSON POLICE DEPARTMENT, INVESTIGATOR,

LISA PIERCE, DOCTOR, WITNESS FOR VICTIM,

JENNIFER PLUNK, MORTHER OF VICTIM,

FS                 , VICTIM,

RALPH TURNER, WITNESS FOR VICTIM,

JAMES G. WOODALL, DISTRICT ATTORNEY GENERAL,

      **DEFENDNATS,**

---

**CIVIL ACTION**

---

1

## CIVIL ACTION

**COME NOW,** the Plaintiff, **Jeffery Gaylon Douglas,** pursuant to **T.C.A. § 4-21-801 et seq, the Tenn. Rules of Court, Preliminary Proceedings, Rule 3 and 4** in the above cause and avers this action for the intentional alleged infliction and hereby brings this **Civil Rights Claim Action** in the amount of **Two Million Dollars (2M)** against the here-in-named Defendants as follows:

**1.**      The here-in-named Defendant's having been guilty of the following wrongs, all which proximately have resulted in torts to Plaintiff:

    **1.** In knowingly or negligently represented malicious prosecution,

    **2.** In knowingly or negligently failure to disclose the truth,

    **3.** Emotional Distress,

    **4.** Psychological Injuries,

    **5.** Intangible

    **6.** Loss of Society Damages,

    **7.** Actual Damages

**2.**      This complaint and action, is alleging that Plaintiff has been **'emotionally harmed'** by the defendants, FS             , **Jennifer Plunk, Ralph Turner,** mistaken attempt of **'extortion.'** In fact, a criminal action and good cause for action for intentional or reckless infliction of emotional distress by means of extreme and/or outrageous conduct.

**T.C.A. § 39-14-112(a),**

**T.C.A. § 39-14-112(3, 4),**

**3.**      Fact that Plaintiff, **'posse no knowledge'** which is admittedly, the possession by those of an attorney. The alleged Plaintiff in fact **'did not commit'** the alleged allegation. Therefore, would be a matter of defense action for damages for intentional infliction of emotional harm or emotional distress; such knowledge of one would be imputed to corporate entity.

2

**4.** If liability, can be imposed upon Plaintiff whereas the evidence presented **was mere allegation** and/or **insufficient.** Then one should be liable who by means of extreme and/or outrageous tactics willfully and/or recklessly inflicts metal and emotional injury, humiliation, and/or shock upon another.

**5.** *Standards Application* to torts of outrageous conduct, **i.e.** extreme and/or outrageous and not tolerated in civilized society are like **"negligence'** and other variable standards which, are based upon common sense of the community, primarily for application by the jury.

**6.** **1.** Plaintiff is entitled to relief sought as follows, but not limited to:

> **1.** Intangible,
>
> **2.** Psychological Injuries,
>
> **3.** Financial,
>
> **4.** Property,
>
> **5.** Physical Harm,

**Ferrill v. Park Group Inc., 168 F.3d 468 (11th Cir. 1999)**

> **6.** Metal,
>
> **7.** Emotional Distress,

**Daskalea v. District Of Columbia, 227 F.3d 261 (3rd Cir. 2000)**

> **2.** Loss of Society Damages:
>
> > **1.** Love,
> >
> > **2.** Affection,
> >
> > **3.** Care,
> >
> > **4.** Attention,
> >
> > **5.** Companionship,
> >
> > **6.** Comfort,
> >
> > **7.** Guidance,
> >
> > **8.** Protection

**McClain v. Owens Corning Ware Fiberglass, 139 F.3d 1124 (7th Cir. 1998)**

      **3.** Loss of Actual Damages;

        **1.** Metal Pain,

        **2.** Suffering,

**Smith v. The Berry Co., 198 F.3d 150 (5th Cir. 1999)**

        **3.** Emotional Distress,

          **1.** Sleeplessness,

          **2.** Anxiety,

          **3.** Stress,

          **4.** Humiliation,

**Salinas v. O'Neal, 286 F.3d 827 (5th Cir. 2002)**

**Thompson v. Oeiu, 74 F.3d 1492 (6th Cir 1996)**

**7.**     Punitive damages may, in discretion of trier of facts, be awarded, in cases seeking recovery of outrageous conduct.

**Moorehead v. J. C. Penny Company Inc., 555 S.W.2d 713**

**8.**     There are three elements to cause of action for outrageous conduct:

        **1.** Conduct must be **intentional** or reckless,

        **2.** Must be so outrageous, that it is not tolerated by civilized society,

        **3.** Must result in **serious injury,**

**9.**     Liability for metal distress damages extend to, mere insults, indignities, threats, annoyances, petty oppression, or other trivialities. Intentional infliction of emotional distress and outrageous conduct are two (2) separate torts for same cause of action for liability damages and torts.

**10.**     Creation of civil action is when 'A person may be liable to the victim of malicious harassment for both special and general damages, **including, but not limited to,** damages for emotional distress and punitive damages.

**T.C.A. § 4-21-701, Acts 1990, ch. 908 § 1**

11.     Alternative remedies are preserved for remedies of malicious harassment provided in this part shall be in additional to, and shall not preclude victims from seeking, other remedies, criminal or civil, otherwise available under the law.

Therefore, this action charges the Defendants with torts of malicious prosecution and intimidation, and Defendants having been guilty of the following wrongs, all which proximately have resulted in torts to Plaintiff:

1. The general assembly finds and declares that it is the civil right of every person to be secure, protected from fear, intimidation, harassment, and bodily injury caused by individuals.

2. Wherefore, a person coerces another person with the intent to, unlawfully intimidate another, a privilege secured by the constitution, or laws of the United States, or the Constitution, or the laws of the state of Tennessee.

**T.C.A. § 39-17-309(a)**

**T.C.A. § 39-17-309(b)(2)**

12. Plaintiff reserves the right to be appointed counsel, or obtain counsel, or to modify this action if deemed necessary.

13.     Notice of disposition date pursuant to **T.R.C.P. 41.02** and **Local Rule 18:** Plaintiff reserves the right to any extension necessary should the disposition date, **"One-Year,"** to resolve or set for trial occur for the following reasons:

1. Plaintiff is incarcerated which incapacitates Plaintiff from forwarding in normal activity or circumstances of the Court Procedure.

2. The matter involves Criminal Action, in which Plaintiff is seeking relief.

3. Plaintiff has a conviction-imposed sentence of Ten (10) Years, which incapacitates Plaintiff from forwarding in normal daily activity.

4. Plaintiff request any extension or extensions be **GRANTED** under the current circumstances as presented.

5

14.   Pro Se Litigant bring **Civil Rights Suit** in **Forma Pauperis** is entitled to five protections:

   **1.** Process, Issues, and Served,

   **2.** Notice thereafter made by defendants or the court to dismiss the complaint and grounds therefor.

   **3.** Opportunity to submit a written memorandum in opposition to such motions

   **4.** In the event of dismissal, a statement of the grounds thereof.

   **5.** Opportunity to amend the complaint to overcome the deficiency unless it clearly appears from the complaint that the deficiency can not be overcome by amendment.

**Knoll v. Carson, 809 F.2d 1446 (9th Cir. 1987)**

   **6.** Be allowed some degree of flexibility in pleading Plaintiff's action and be ensured meaningful access to the court.

**Boguslavsky v. Kaplan, 159 F.3d 715 (2nd Cir. 1998)**

**Randle v. Rowland, 154 F.3d 952 (9th Cir. 1998)**

   **7.** Pro Se prisoner Litigant's pleadings must be construed liberal on Motion for judgement

**Frost v. Symington, 197 F.3d 348 (9th Cir. 1999)**

15.   **"Deception"** which means, that a person knowingly;

   **1.** Creates or reinforces, a false impression by *"words or conduct,"* including false impressions of *"facts, law, or intention."*

   **2.** Prevents another from acquiring information which would *"likely"* effect the other's judgement in the transaction,

   **3.** *"Fails"* to correct a *"false impression or facts"* the person knows to be false, and

      **1.** The person created, or

      **2.** Knows is *"likely"* to 'influence another

**T.C.A. § 39-11-106(6)(A)**

16.   The offense of conspiracy is committed if [Two] (2) or more people, 'each having the culpable mental state required for the offense' that is the object of the conspiracy. Each acting for the purpose of promoting or facilitating the commission of the offense agrees that [One] (1) or more of them will engage in conduct that constitutes the offense.

6

If a person guilty of conspiracy, as defined in subsection (a), knows that another with whom the person conspires to commit the same offense has conspired with [one] (1) or more other people to commit the same offense. The person is guilty of conspiring with the other person or persons, whether or not their identity is know, to commit the offense.

**T.C.A. § 39-12-103**

**17.**   **Serving and Filing Papers,** when required. A party shall serve on every other party, a written notice. **The Method of Service,** Service of a copy of a document on a party shall be made, by leaving a copy with court clerk. If no address is known, service is accomplished by leaving the copy with clerk of the court.

**T.R.C.P., General Provisions, Rule 49(a)(2), (b)(2)(C)**

**18.**   Wherefore, Supreme Court has recently quoted the 'United States Supreme Court' to effect. That, **"It is well established that 'a complaint should not be dismissed'** for failure to state a claim. Unless it appears beyond doubt that the Plaintiff can prove no set facts in support of Plaintiff's claim that would entitle Plaintiff relief.

**Fuerst v. Methodist Hospital South (1978 Tenn.) 566 S.W.2d 847, 848**

**Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 90 (1975)**

**19.**   Therefore, in scrutinizing the complaint in face of a 12.02(6) motion, "the Court should construed the complaint liberally in favor of the Plaintiff, taking all of the allegations of facts therein true."

**Huckeby v. Spangler, (1975 Tenn.) 521 S.W.2d 568, 571**

**Therefore,** in view, the complaint sufficiently charges the Defendants with Malicious Prosecution, Extortion, and Intimidation, and minimally sets forth the facts as required by **T.R.C.P. Rule 9.02.** Applying this rule in the instance case, Plaintiff has a complaint, which charges Defendants with Malicious Prosecution, Extortion, and Intimidation by concealment of information regarding said Plaintiff.

**Wherefore,** true the rule does not actually employ the words "Malicious Prosecution, Extortion, and Intimidation," However, states Malice and such is unnecessary as "Malicious Prosecution, Extortion, and Intimidation" is a legal conclusion drawn from its own set facts.

7

**20.** Plaintiff avers that the Court **GRANT** any other relief to which Plaintiff may be or is entitled thereof. In additional, the Court **GRANTS** any other relief that is applicable and/or necessary to perform the mandatory duties of the Court, Local Constitution, State Constitution, United States Constitution, and the laws thereof.

**21.** Motion in Opposition to "any Defendant's Motion" of Dismissing or Squashing of said Civil action or Subpoena, the Plaintiff hereby avers, whether or not cited here-in this action, the laws which support this action, and that:

    **1.** The alternative remedies are preserved,

    **2.** The privileges are secured by the constitution,

    **3.** Of the laws of the United States,

    **4.** Of the State Constitution,

    **5.** Of the Federal Constitution,

    **6.** Of the laws of the state of Tennessee,

**T. C. A. § 4-21-702**

**See Page Five (5), Paragraph Eleven (11)**

**22.   YOU ARE HEREBY SUMMONED AND COMMANDED** within **Thirty (30) Days** after service of this summons upon you, exclusive of the day of service. To serve upon the Plaintiff and the court herein, an answer to this complaint, which is herewith served upon you. If you fail to do so, judgement by default will be taken against you for the relief demanded in this complaint.

## PLAINTIFF VERIFICATION

I, **Jeffery Gaylon Douglas,** certify under penalty of perjury, that the forgoing is true and correct to best of my Knowledge, Information, and Belief.

---

## PLAINTIFFS IMMUNITY

Any person making a report under this part shall be immune from civil liability that might otherwise be imposed for such action.

**Acts 1996, Chapter 842, § 2**

---

## AFFIDAVIT OF INDIGENCE

I, **Jeffery Gaylon Douglas,** pursuant to **T.C.A. § 41-21-805 et seq,** do solemnly swear or affirm that because of my poverty, I am unable to bear the expenses of this action which I am about to commence.

**Furthermore,** swear or affirm, to the best of my Knowledge, Information, and Belief, I am justly entitled to the relief sought.

Respectfully Submitted,

*Jeffery Gaylon Douglas 9/24/12*

**Jeffery G. Douglas, 467106**

**Northwest Correctional Complex**

**960 State Route 212**

**Tiptonville, TN. 38079**

---

**SWORN TO AND SUBSCRIBED** before me on this the 24th day of September 20 12 a Notary Public whose Commission Expires on 11 29 | 20 15

**Notary Public**

9

## INMATE TRUST FUND CERTIFICATION BALANCE

**Jeffery Gaylon Douglas, 467106**      – L2

**Northwest Correctional Complex**

**960 State Route 212**

**Tiptonville, TN. 38079**

---

I, _Bobbie Cerri_ , do hereby certify, on this the _6th_ day of

_September_ , 20 _12_ , that the inmate here-in-named above, has a current

balance of $ _– O –_ in his trust fund account.

The average balance for the previous six (6) moths has been $ _1.24_ _PAY_

_Bobbie Cerri_          _Acct. Clerk_      _9_ _16_ _20 12_

     **Certifier**                    **Position**                         **Date**

---

**SWORN TO AND SUBSCRIBED** before me on this the _6th_ day of

_September_ , 20/2 a Notary Republic whose Commission Expires

_April 24_ _20 16_

_Carole Page_

                                                                 **Notary Republic**

10

## RETURN OF SERVICE

**Docket Number:** _____

**I DECLARE UNDER PENALTY** of perjury of the laws of the United States of America, that the forgoing documents here-in-listed below and, contained from the court in which filed, was personally served upon the **Defendant,** _____ on this the _____ day of _____, **20** _____ at the place of _____

_____.

**1.** Civil Action

**2.** Temporary Injunction

_____          _____

**Signature of Server**                    _____

                                           **Address of Server**

_____

The **Court** has hereby **"Notified"** the **Plaintiff** at the address provided here-in of the date upon which for said Summons and attached documents here-in-listed was served upon the Defendant here-in-list above.

_____          **515 S. Liberty St. STE** _____

**Signature of Clerk**                     **Jackson, TN. 38301**

                                           **Address of Server**

11

## RETURN OF SERVICE

**Docket Number:** _____

      **I DECLARE UNDER PENALTY** of perjury of the laws of the United States of America, that the forgoing documents here-in-listed below and, contained from the court in which filed, was personally served upon the **Defendant,** _____ on this the _____ day of _____, **20** _____ at the place of _____ _____.

**1.** Civil Action

**2.** Temporary Injunction


_____          _____

    **Signature of Server**          _____

                                      **Address of Server**

_____

      The **Court** has hereby **"Notified"** the **Plaintiff** at the address provided here-in of the date upon which for said Summons and attached documents here-in-listed was served upon the Defendant here-in-list above.


_____          **515 S. Liberty St. STE _____**

    **Signature of Clerk**          **Jackson, TN. 38301**

                                        **Address of Server**

11

## RETURN OF SERVICE

**Docket Number:** _____

    **I DECLARE UNDER PENALTY** of perjury of the laws of the United States of America, that the forgoing documents here-in-listed below and, contained from the court in which filed, was personally served upon the **Defendant,** _____ on this the _____ day of _____, 20 _____ at the place of _____

_____ .

**1.** Civil Action

**2.** Temporary Injunction


_____                        _____

    **Signature of Server**                                  _____

                                                  **Address of Server**

_____

    The **Court** has hereby **"Notified"** the **Plaintiff** at the address provided here-in of the date upon which for said Summons and attached documents here-in-listed was served upon the Defendant here-in-list above.


_____                 **515 S. Liberty St. STE** _____

    **Signature of Clerk**                          **Jackson, TN. 38301**

                                                 **Address of Server**

11

**FILED**

NOV 02 2012

KATHY BLOUNT CIRCUIT COURT CLERK

DEPUTY CLERK 3:50 P.M.

A.M.

## CIRCUIT COURT OF MADISON COUNTY, TENNESSEE

JEFFERY GAYLON DOUGLAS,

    **PLAINTIFF,**

**vs.**              Docket Number: _____ *C-12-278*_____

STATE OF TENNESSEE, ET AL,

_____, **Jury Member**

    **DEFENDANT,**

---

### INTERROGATORY TO JURY MEMBER

---

    **COME NOW,** the Plaintiff, **Jeffery Gaylon Douglas,** in the above cause, and having filed a **Civil Action** Individually to against each Jury Member Elect there-in-named as **"John Does and Jane Does"** and in accordance to:

    **Tennessee Rules of Civil Procedure, Rule 33,**

    **Tennessee Practice, Civil Procedure, Rules §§ 63.1, 63.3, 63.5,**

    **Tennessee Practice, Civil Procedure, Rules §§ 65.1 to 65.5,**

    **T.C.A. §§ 39-16-701 to 703,**

    **T.C.A. § 36-16-705,**

    **Rule 37.01(3),**

**ADMONITION AND WAIVER**

    Before you answer any questions herein, you must understand your legal rights as follows:

    **1.** You have the right to remain silent,

    **2.** Anything you say can and will be used against you in court,

    **3.** You have the right to consult with an attorney for advice before answering any question and have counsel assist your during your answers,

    **4.** If required counsel help or consulted thereof, the counsel is to sign the statement as adversary help on your behalf,

    **5.** If you decide to answer any question, with or without counsel assistance, your answers will be, binding, of free will, without coercion, force or threat,

1

**6.** You proclaim that the statements and answers made therein to each question are true and correct to the best of your knowledge and belief.

**7.** You are, advised to check the definition of each statute sited herein above before continuing or answering any of the following questions herein.

## JURY MEMBERS QUESTIONS

**8.** Jury Member will present an **"Individualize Affidavit."**

**9.** The Affidavit will state the following:

    **1.** Jury's Full Name,

    **2.** Jury Number and Seat Number,

**10.** Jury Member will in "**no performance:**"

    **1.** Discuss their affidavit with other Defendants and/or Non-Related Parties thereof in accordance to the Temporary Injunction filed.

    **2.** Disclose to other Defendants and/or Non-Related Parties thereof their statement,

    **3.** Disguise and/or Make a false and/or dishonest statement thereof

**11.** Juries Member will, in addition, make a precision statement of the facts that:

    **1.** Lead to their "Guilty Verdict,"

    **2.** If any other Jury Member was in **"disagreement,"** of the verdict,

    **3.** Identify if any other Jury Member was **"Coerced,"**

    **4.** Identify if **"Coercion"** was used by any another Jury Member

## INTERROGATORIES ANSWER UNDER OATH
### Interrogatories will not be excepted without this page

I, _____, hereby declare under penalty of perjury
under the laws of the United States of America, that the foregoing answers to each
Interrogatories and all information provided under sections

    **1.** Instructions,

    **2.** Preliminary Statement,

    **3.** Construction of Grammar and Syntax,

    **4.** Multiple Questions,

    **5.** Answer to Interrogatories,

    **6.** Admonition and Waiver,

    **7.** Definitions for Perjury,

    **8.** Production of Documents, Things, Parties and Non-Parties

Are true and correct to the best of my Knowledge, Information and Belief.

    **Furthermore,** have provided the information requested here in above, or have
provided detail reason as to why such information requested was not provided in
accordance to Paragraph three here in.

    **In Additional,** State that I have not discussed these Interrogatories with any other
person or parties thereof whether related or no related to the case and/or answers.

_____    _____

     **Defendants Signature**          **Attorneys Signature**

    **SWORN TO AND SUBSCRIBED** before me on this the _____ day of
_____, 20 _____, a Notary Public whose Commission Expires on
_____|_____|20_____

                    _____

                     **Notary Public Signature**

FILED

NOV 02 2012

KATHY BLOUNT CIRCUIT COURT CLERK

DEPUTY CLERK 3:50 P.M.

A.M.

## IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE

JEFFERY GAYLON DOUGLAS,

    **PLAINTIFF,**

**vs.**                        Docket Number:   *C-12-278*

STATE OF TENNESSEE,

    **DEFENDANT,**

---

### INTERROGATORIES TO HERE-IN-LISTED
### DEFENDANTS IN ATTACHED "EXHIBITS"

---

    **COME NOW,** the Plaintiff, **Jeffery Gaylon Douglas,** in the above cause, and having filed Individually to each Defendant there-in-named in the "Exhibits" under the 'Motion For Temporary Injunction' here-in-filed and in accordance to

    **Tennessee Rules of Civil Procedure, Rule 33,**

    **Tennessee Practice-Civil Procedure, Rule §§ 63.1, 63.3, 63.5,**

    **Tennessee Practice-Civil Procedure, Rule §§ 65.1 to 65.5,**

    **T.C.A. §§ 39-16-701 to 703,**

    **T.C.A. § 36-16-705,**

**The Here-in-following,** pages Two (2) through Six (6) are hereto attached:

    **1.** Instructions,

    **2.** Preliminary Statement,

    **3.** Construction of Grammar and Syntax,

    **4.** Multiple Questions,

    **5.** Answer to Interrogatories,

    **6.** Admonition and Waiver,

    **7.** Definitions for Perjury,

    **8.** Production of Documents, Things, Parties and Non-Parties

In addition, was hereby served upon the defendants or unto this court, whereas there is no mailing address.

**The Plaintiff,** in accordance with **Tennessee Rules of Civil Procedure, Rule 33** submits the following "Interrogatories" to Defendant, to be answered by the Defendant within thirty (30) days after service of same. The interrogatories shall deemed continuing, so as, to require supplemental answers if further or different information is obtained between the time the answers are served and the time of hearing.

## 1. Instructions

**1.** Answer each interrogatory separately and fully in writing under oath unless objected to, in which event the detailed reason for objection must be stated in lieu of answer.

**2.** An evasive or incomplete answer, **i. e.** simple Yes or No answer only, or limitation of answer, **i. e.** a simple or short answer, is deemed to be a failure to answer under Rule 37.01(3).

**3.** You are under, a continuing duty to seasonably supplement your response with respect to any questions directly addressed separately. That is directly addressed to the identity and location of persons having knowledge of discoverable matters, and directly addressed to being a non-direct or direct party or parties thereof.

**4.** The word "or" means "and/or" also, the word "and" means "and/or."

**5.** "Give complete details" is a request that when appropriate, the answer contain, the details specified in, but not limited to, the sub-paragraphs below, including the identification of all documents, written communications, and oral communications relied upon or relevant thereof.

As to each course of action or conduct referred to, a statement of each act, event, transaction, occasion, incident, or matter claimed to be a part of the course of action or conduct including:

**1.** The date, time, and place when it occurred,

**2.** The identity of each person participating, and a statement of who such person purported to represent,

**3.** As to each person referred to, a statement of their names, occupation, last known address, and last known employment address,

**4.** As to each document, other than written communication referred to in the answer, a statement of:

**1.** Its nature, **i. e.** letter, memorandum, reports, recordings, etc.,

**2.** Its title, if any,

2

**3.** The date it was prepared,

**4.** The identity of each person who prepared it, participated in its preparation and/or signed it,

**5.** Whom each person referred purported to represent,

**6.** Its subject matter,

**7.** The name and last known address of the person who presently has custody of it,

**6.** As to each "written communication," a statement of:

**1.** Its nature, i.e. letter, memorandum, report, recording, etc.,

**2.** The date it was signed or sent,

**3.** The date it was received,

**4.** The identity of the person to whom it was sent,

**5.** The identity of any person sent a copy,

**6.** Whom each such person purported to presented,

**7.** The name and last known address of the person who presently has custody of it,

**7.** As to each "oral communication" mentioned or referred to in the answer, a statement of:

**1.** The person involved,

**2.** The date on which it occurred,

**3.** Where it occurred, or if a telephone conversation, the place at which each person involved was located,

**4.** What was said by each person involved,

**5.** The name and last known address of the person who presently has custody of it

## 2. Preliminary Statement

The following terms are defined as follows for the purpose of these interrogatories:

**1.** Plaintiff refers to Plaintiff herein named in this action,

**2.** Defendant refers to Defendant herein named in this action,

**3.** "Person" means any natural person, firm, association, partnership, governmental agency, or legal entity unless indicated otherwise,

4. "Document" means any kind of written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, or neither, including originals, copies and drafts and both sides thereof, and including but not limited to: papers, books, letters, photographs, objects, tangible things, correspondence, memoranda's, notes, reports, transcripts, recordings of telephone conversations, other recording of conversations, interviews, or meetings thereof, statements, summaries, opinions, reports, analyses, evaluations, agreements, and journals, how ever kept in the regular course of duty.

5. "Written Communication" means, without limitation, correspondence, letters, and other records kept in regular course of duty.

6. "Oral Communication" means, both telephone and face to face communication.

7. Each term used herein which is also used in Defendant's, is used in the same sense as it is used in that pleading, except as the context may otherwise require.

### 3. Construction of Grammar and Syntax

Grammar and syntax as used in these interrogatories shall be construed and interpreted to give proper meaning and consistency to its context. By way of illustration and not by way of limitation, the singular may be construed to include the plural, the plural the singular, and the use of any gender or tense may be construed to include all genders and tenses. Each term used herein which is also used in Defendant's, is used in the same sense as it is used in that pleading, except as the context may otherwise require.

### 4. Multiple Questions

Each interrogatories is intended to and does, request each and every part and particular thereof be answered as thought it were the subject of, and were asked by, a separate interrogatory.

### 5. Answers to Interrogatories

1. Answers to each interrogatory shall be as follows:

**1. Answer to Interrogatory # 1:** Make your statement of occurrence or event

**2. Answer to Interrogatory # 2:** Make your statement of occurrence or event

**3. Answer to Interrogatory # 3:** etc. answers

4

**2.** The Defendant must, being duly sworn that the answers to the interrogatories propounded by the Plaintiff are true, correct, and having been notarized by a Notary Public.

**3.** Questions, **i. e.** "Do you or have you every owned, dogs, cats, fish, etc." and similar questions are multiple part, particular and yes or no question and conforms to all instructions herein.

## 6. ADMOTNITION AND WAIVER

Before you answer any interrogatory questions herein, you must understand your legal rights as follows:

**1.** You have the right to remain silent,

**2.** Anything you say can and will be used against you in court,

**3.** You have the right to consult with an attorney for advice before answering any interrogatory question and have counsel assist your during your answers,

**4.** If required counsel help or consulted thereof, the counsel is to sign the statement as adversary help on your behalf,

**5.** If you decide to answer any interrogatory question, with or without counsel assistance, your answers will be, binding, of free will, without coercion, force or threat,

**6.** You proclaim that the statements and answers made therein to each interrogatory question are true and correct to the best of your knowledge and belief.

## 7. DEFINITIONS FOR PERJURY

As used in this part, unless the context otherwise requires,

**1.** "Material" means the statement, irrespective of its admissibility under the rules of evidence, could have effected the course or outcome of the official proceedings;

**2.** "Oath" means a solemn and formal undertaking to tell the truth and includes an equivalent affirmation permitting by law as substitute for an oath administered by a person authorized by law to take statements under oath;

**3.** "Official proceedings" means any type of administrative, executive, judicial, or legislative proceedings that is conducted before a public servant authorized by law to take the statements under oath in that proceedings; and

       **4.** "Statement means representation of facts

**T.C.A. § 39-16-701**

A person commits an offense whom, with intent to deceive:

       **5.** Makes a false statement, under oath;

       **6.** Makes a statement, under oath, that confirms the truth of a false statement previously made and the statement is required or authorized by law to be made under oath;

       **7.** Makes a false statement, not under oath, but on official document required or authorized by law, to be made under oath, and stating on the face that a false statement is subject to the penalties of perjury.

**T.C.A. § 39-16-702**

       **8.** Commits perjury as defined in § 39-16-702;

       **9.** The false statement is made during or in connection with an official proceedings;

       **10.** The false statement is material

**T.C.A.§ 39-16-703**

       **11.** Subornation of perjury is when induces another to make a false statement constituting perjury or aggravated perjury.

**T.C.A. § 39-16-705**

## 8. PRODUCTION OF DOCUMENTS, THINGS, PARTIES AND NON-PARTIES

      The following terms are defined as follows for the purpose of this paragraph, except the context may otherwise require:

       **1.** Defendant is hereby served upon, however produced or reproduced, any kind or description, whether sent, received, or neither, and referred to in any interrogatories, to product, "said referred to information" as defined herein paragraphs, 1(5), (6), and (7), and paragraphs, 2(4), (5), and (6).

       **2.** Any parties or non-parties referred to, however produced or reproduced, any kind or description, whether sent, received, or neither, and referred to in any interrogatories, to product, "said referred to information" as defined herein this interrogatories.

## INTERROGATORIES and MOTION FOR TEMPORARY INJUNCTION
### CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of "Interrogatories and Motion for Temporary Injunction" hereby served upon here-in-named Defendant as follows:

**1.** Each copy there-in and here-in are addressed by Defendant's Name

**2.** That each "Interrogatories" and "Motion for Temporary Injunction" herein and therein being sealed into their own envelopes for security.

**3.** Serving and Filing Papers, when required, A Party shall serve on every other party, a written notice, The Method Of Service, is Service of a copy of a document on a party shall be made, by leaving a copy with court clerk. If "No Address" known, Service is accomplished by "leaving a copy with clerk of Court."

**T.R.C.P., General Provisions, Rule 49(a)(2), (b)(2)(C)**

**1.** Circuit Court of Madison County, Tennessee

515 S. Liberty Street

Jackson, TN. 38301

**2.** Gregory D. Gookin

I. C. Railroad Building

245 West Sycamore St.

Jackson, TN. 38301

**3.** Shaun A. Brown, ADA/DA

225 Martin Luther King Dr.

Jackson, TN. 38301

### INTERROGATORIES and MOTION FOR TEMPORARY INJUNCTION
### CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of "Interrogatories and Motion for Temporary Injunction" hereby served upon here-in-named Defendant as follows:

**1.** Each copy there-in and here-in are addressed by Defendant's Name

**2.** That each "Interrogatories" and "Motion for Temporary Injunction" herein and therein being sealed into their own envelopes for security.

**3.** Serving and Filing Papers, when required, A Party shall serve on every other party, a written notice, The Method Of Service, is Service of a copy of a document on a party shall be made, by leaving a copy with court clerk. If "No Address" known, Service is accomplished by "leaving a copy with clerk of Court."

**T.R.C.P., General Provisions, Rule 49(a)(2), (b)(2)(C)**

**4.** Daniel Jones, Jackson Police Department, Investigator
   515 S. Liberty St.
   Jackson, TN. 38301

**5.** Lisa Pierce, Doctor
   515 S. Liberty St.
   Jackson, TN. 38301

Respectfully Submitted,

*Jeffery Gaylon Douglas* 9/24/12

**Jeffery Gaylon Douglas, 467106**
**Northwest Correctional Complex**
**960 State Route 212**
**Tiptonville, TN. 38079**

FILED

NOV 0 2 2012

KATHY BLOUNT, CIRCUIT COURT CLERK

DEPUTY CLERK **3:50**
A.M. _____ P.M.

# EXHIBIT

# A

# INTERROGATORIES TO

# SHAUN A. BROWN

## IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE

JEFFERY GAYLON DOUGLAS,

**PLAINTIFF,**

vs.                                        Docket Number: _____

SHAUN A BROWN, ADA

**DEFENDANT,**

---

## INTERROGATORIES TO DEFENDANT
## IN A CIVIL ACTION

---

**COMES NOW,** the Plaintiff, **Jeffery Gaylon Douglas,** in accordance to Tennessee Rules of Civil Procedure, Rule 33,

Tennessee Practice, Civil Procedure, § 63.1,

Tennessee Practice, Civil Procedure, § 63.3,

Tennessee Practice, Civil Procedure, § 63.5,

Tennessee Practice, Civil Procedure, § 65.1,

Tennessee Practice, Civil Procedure, § 65.2,

Tennessee Practice, Civil Procedure, § 65.3,

Tennessee Practice, Civil Procedure, § 65.4,

Tennessee Practice, Civil Procedure, § 65.5,

Tennessee Code Annotated, § 39-16-701,

Tennessee Code Annotated, § 39-16-702,

Tennessee Code Annotated, § 39-16-703,

Tennessee Code Annotated, § 39-16-705

1

## INTERROGATORIES

**1.** When applying the 'Winship" constitutional stature of 'Guilt Beyond A Reasonable Doubt,' would the accused be guilty of the alleged offense?

**2.** Did you examine the victim, witnesses, and defendant, based solely on the records?

**3.** Would having with interested parties "improper contact and jury misconduct" cause pre-justice trial?

**4.** Do you have or did you have, the duty to properly conform to the Local, State, and Federal Constitutional thereof, require adequate legal research and investigate?

**5.** What specifically do you recall about examining the indictments for constitutionally "infirm or deficient?"

**6.** What specifically do you recall about your opening and closing Statements?

**7.** Remaining during, and upon request to counsel for removal, does a witness, whether called or not, cause a pre-justice trail?

**8.** In any, what other documents, conferences, summarized statements or testimony, reflected interviews, memorandums, etc. do you, have in your file?

**9.** Quoting supportive laws, Describe what effect this statement had or would have, If the accused had "No Factual Evidence" of proof of innocence, and the state had "No Factual Evidence" to support their theories or theory?

**10.** Do you have the names of those to which, you interviewed and the statements thereof made during the interview?

**11.** Did you require if limitations are necessary, inquire approval of limitation, limit your investigation, and alert the victim that limitations applied?

**12.** Does "Physical proximity or mere present" constitute the alleged offense?

**13.** Did you develop and investigate an alternative theory of defense, focus on victims injuries, and the circumstantial theories?

**14.** Did the state present any "factual evidence" to support the element of alleged offense alleged by the witness, victim and state?

**15.** Did you form close meaningful working relationship with victim, independently investigate all circumstances, and theories of the case, communicate with victim and witness, determine statutory and non-statutory mitigating circumstances thereof in support of defense?

7

**16.** To seek Rape Victim Help. Do "rape victims" normally report to the nearest emergency room, which requires protocol standards for rape diagnoses?

**17.** In your preparation, if any, do you follow any standard protocol for Rape Victims, do you follow them and what procedure in following them did you take?

**18.** Describe what response you have to: "Did not think much of it, and went back to sleep?"

**19.** What is your employment "standard protocol guide line" for victims seeking help for rape and sexual assault?

**20.** To seek Rape Victim Help. Do "rape victims" normally visit a clinic, which requires non-protocol standards, limitation, limiting, or limited standards for rape diagnoses?

**21.** Other than victims allegations, identify what lead you to believe the victim was raped?

**22.** How many "Rape Victims" do you know that would, remain in the same area or place of the alleged rape? Remain long enough to gather and retrieve their belongings, and wait an hour or more before notifying authorities or reporting the occurrence? Fail to report it to the nearest person, **i. e.** someone in the same area, place or room, which are close by them?

**23.** If any, what "factual evidence" did you gather, **i. e.** clothing, DNA, or other articles or items, and did you test thereof?

**24.** Do you feel the rape occurred because the victim says she was?

**25.** Did the expert witness, at trial refuse to testify?

**26.** How many rape cases a year are reported that are false or misleading, the victim knows or knew the accused, and how where those cases handled as to prosecution stand point?

**27.** If a "Rape Kit" was not done, Identify why elected not to perform such test or tests thereof?

**28.** Describe a "Rape Kit" and all of the contents thereof, **i. e.** elements, testing guide lines, charts etc. that would be performed.

**29.** Describe the course or action you would take if an adult male stated he was rape by a fourteen-year-old girl?

**30.** How long have you known the, judge, counsel for the accused and been ADA/DA?

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of "Interrogatories and Motion for Temporary Injunction" hereby served upon here-in-named Defendant as follows:

**1.** Each copy there-in and here-in are addressed by Defendant's Name

**2.** That each "Interrogatories" and "Motion for Temporary Injunction" herein and therein being sealed into their own envelopes for security.

**3.** Serving and Filing Papers, when required, A Party shall serve on every other party, a written notice, The Method Of Service, is Service of a copy of a document on a party shall be made, by leaving a copy with court clerk. If "No Address" known, Service is accomplished by "leaving a copy with clerk of Court."

**T.R.C.P., General Provisions, Rule 49(a)(2), (b)(2)(C)**

**1.** Shaun A. Brown, ADA/DA
   225 Martin Luther King Dr.
   Jackson, TN. 38301

**2.** Circuit Court of Madison County, Tennessee
   515 S. Liberty Street
   Jackson, TN. 38301

Respectfully Submitted,

*Jeffery Gaylon Douglas* 9/24/12

**Jeffery Gaylon Douglas, 467106**
**Northwest Correctional Complex**
**960 State Route 212**
**Tiptonville, TN. 38079**

## INTERROGATORIES and MOTION FOR TEMPORARY INJUNCTION

FILED

NOV 0 2 2012

KATHY BLOUNT, CIRCUIT COURT CLERK

DEPUTY CLERK 3:50
A.M. _____ P.M.

# EXHIBIT

# B

# INTERROGATORIES TO

# LISA PIERCE

## IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE

JEFFERY GAYLON DOUGLAS,

    **PLAINTIFF,**

**vs.**                        Docket Number: _____

LISA PIERCE, DOCTOR

    **DEFENDANT,**

---

## INTERROGATORIES TO DEFENDANT
## IN A CIVIL ACTION

---

**COMES NOW,** the Plaintiff, **Jeffery Gaylon Douglas,** in accordance to Tennessee Rules of Civil Procedure, Rule 33,

    Tennessee Practice, Civil Procedure, § 63.1,

    Tennessee Practice, Civil Procedure, § 63.3,

    Tennessee Practice, Civil Procedure, § 63.5,

    Tennessee Practice, Civil Procedure, § 65.1,

    Tennessee Practice, Civil Procedure, § 65.2,

    Tennessee Practice, Civil Procedure, § 65.3,

    Tennessee Practice, Civil Procedure, § 65.4,

    Tennessee Practice, Civil Procedure, § 65.5,

    Tennessee Code Annotated, § 39-16-701,

    Tennessee Code Annotated, § 39-16-702,

    Tennessee Code Annotated, § 39-16-703,

    Tennessee Code Annotated, § 39-16-705

1

## INTERROGATORIES

**1.** In your interview of the Victim, what was the chief complaint thereof, did witnesses make any comments or statements related to victims alleged offense?

**2.** At the time of service, was you your caseload "more than" you could handle?

**3.** Did you present or fine any "factual evidence" to support the element of alleged offense by the victim and witnesses?

**4.** Does "physical proximity or mere present" constitute the alleged offense?

**5.** If any, what notes, memorandums, summarized testimony or statements, other documents, conferences, reflected interviews, etc. do you, have in your file?

**6.** Do you have the names of those to which, you interviewed, examined and the statements thereof made during such interview?

**7.** What specifically do you recall about examining the victim for constitutionally "infirm or deficient" and other evidence thereof?

**8.** Provided, did you examine the victim based solely on the victims statement, the record and other non-gathered information for diagnoses?

**9.** Did you investigate and develop an alternative theory, focus on the injuries to victim, and the circumstantial theories?

**10.** If the victim had "No Factual Evidence" to support the theory or theories of alleged offense, describe what effect this would have or had on making diagnoses?

**11.** Did you form meaningful, close working relationship with victim, independently investigate all circumstances and theories of the alleged offense, communicate with victim, determine statutory and non-statutory mitigating circumstances thereof in support of the alleged offense?

**12.** Did you or, do you have the, duty to investigate, require adequate legal research, and properly conform to the Providers Standard Protocol for the alleged offense?

**13.** Did you limit your investigation as Provider, require if limitation is necessary, inquire approval of limitation, and alert victim that limitations applied?

**14.** What is your employment "Standard Protocol Guide Line" for victims seeking help for rape or sexual assault?

7

**15.** In your examination of the victim, did you conform to the Providers Standard Protocol for Rape, a Standard Rape Kit Protocol, gather evidence **i. e.** clothing, etc. and any kit results thereof?

**16.** To seek Rape Victim Help, do "rape victims" normally visit a clinic, which requires non-protocol standards, limitation, limiting, or limited standards for rape diagnoses?

**17.** To seek Rape Victim Help, do "rape victims" normally report to the nearest emergency room, which requires protocol standards for rape diagnoses?

**18.** In your preparation, if any, do you follow any standard protocol for Rape Victims and if your employment has in place, a standard protocol for Rape Victims, do you follow them and what procedure in following them did you take?

**19.** If any, what factual evidence did you gather, **i. e.** clothing, DNA, or other articles or items, and did you test thereof?

**20.** If a Rape Kit was not done, Identify why you elected not to perform such test or test thereof?

**21.** Identify what lead you to believe the victim had been raped, other than the victim's allegation?

**22.** Describe the "Rape Kit" and all of its contents thereof, **i. e.** charts, elements, testing guidelines, etc., that would be performed.

**23.** Is this true, and said by the prosecutor that, "you did not wont testify at trial?"

**24.** At the time of examination, describe in your own words the victims' state of being **i. e.** victim was claim and knew the surroundings.

**25.** Do you feel the rape occurred because the victim says they were?

**26.** Because you are an adult female, the victim is female under eighteen- (18) and the accused is male adult, of age, do you feel victim was raped?

**27.** Are you aware of the number of reported rapes that were **false or misleading, and in approximately 96% of those cases the victim knows, or knew** the attacker?

**28.** If an adult male came to you, approximately 30 years of age, and told you he had just been raped by a Thirteen (13) year old girl and giving the following details:

8

"She came into my room where I was sleeping and unknowingly got into bed, and removed my penis and began stroking it, I woke up, did not think much of it and went back to sleep. I woke up later to finding her doing it again. From this, do you feel that the accused person raped the man?

**29.** Describe what response you have to: "Did not think much of it, and went back to sleep?"

**30.** How may "Rape Victims" do you know that would, remain in the same area or place of the alleged rape, remain long enough to gather and retrieve their belongings, and wait an hour or more before notifying authorities or reporting the occurrence and fail to report it to the nearest person, **i. e.** someone in the same area, place or room which are close by them?

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of "Interrogatories and Motion for Temporary Injunction" hereby served upon **"Madison County Circuit Court of Tennessee** and here-in-named Defendant as follows:

    **1.** Each copy there-in and here-in are addressed by Defendant's Name

    **2.** That each "Interrogatories" and "Motion for Temporary Injunction" herein and therein being sealed into their own envelopes for security.

    **3.** Serving and Filing Papers, when required, A Party shall serve on every other party, a written notice, The Method Of Service, is Service of a copy of a document on a party shall be made, by leaving a copy with court clerk. If "No Address" known, Service is accomplished by "leaving a copy with clerk of Court."

**T.R.C.P., General Provisions, Rule 49(a)(2), (b)(2)(C)**

**1.** Lisa Pierce, Doctor
    515 S. Liberty St.
    Jackson, TN. 38301

**2.** Circuit Court of Madison County, Tennessee
    515 S. Liberty Street
    Jackson, TN. 38301

              **Respectfully Submitted,**

              *Jeffery Gaylon Douglas 9/24/12*

              **Jeffery Gaylon Douglas, 467106**
              **Northwest Correctional Complex**
              **960 State Route 212**
              **Tiptonville, TN. 38079**

## INTERROGATORIES and MOTION FOR TEMPORARY INJUNCTION

FILED

NOV 0 2 2012

KATHY BLOUNT, CIRCUIT COURT CLERK

DEPUTY CLERK 3:50 P.M.
A.M.

# EXHIBIT

# C

# INTERROGATORIES TO

# DANIAL JONES

## INTERROGATIES

**1.** Did you limit you investigation as prosecutor, require if limitation is necessary, inquire approval of limitation, and alert the victim that limitations was being applied?

**2.** If the state had "No Factual Evidence" or the required elements to support their theories, and defendant had "No Factual Evidence" of proof of innocence, describe what effect this would have or had, quoting supportive laws of theories?

**3.** Does "jury misconduct and improper contact" with interested parties cause pre-justice trail?

**4.** Does "physical proximity or mere present" constitute the alleged offense?

**5.** If any, what notes, memorandums, summarized testimony or statements, other documents, conferences, reflected interviews, etc. do you, have in you file?

**6.** Did you, or do you have, the duty to investigate, require adequate legal research, and properly confirm to the Local, State, and Federal Constitutional thereof?

**7.** Provided, did you examine the victim, witness, and defendant based solely on the records?

**8.** What specifically do you recall about examining the indictment for constitutionally "infirm or deficient?"

**9.** Did you interview the Defendant and witnesses?

**10.** Does a "witness" remaining during trial, whether called or not, and upon request to counsel for removal, cause a pre-justice trial?

**11.** Do you know of any agreement between victim and witness, or between other parties, to mislead or deceive in any manner of the alleged offense?

**12.** Did you remain during trial?

**13.** Did you see or confer with victim and witness, before, during and after trial, as to keep them properly informed?

**14.** At the time of notification, and during your investigation, was your caseload "more than" you could have handle at that time or during the time of trial?

**15.** Other than witness for defense called at trial, were there other witnesses available for defense?

**16.** Did you interview the victim and witness?

7

**17.** Do you have the names of those to which, you interviewed and the statements thereof made during such interview?

**18.** Did you prepare the victim and victim's witness, properly before they testified, file meaningful pre-trial, trial and appeal motions thereof, investigate all apparently substantial defense available, assert them properly and timely manner?

**19.** During trial, did you assist the prosecution?

**20.** Describe you response to: "Did not think much of it and went back to sleep."

**21.** What is your employment "Standard Protocol Guile Line" for victims seeking help for rape or sexual assault?

**22.** In you interview of the victim, what was the chief complaint thereof, did witness make any comments or statement related to victims alleged offense?

**23.** If the victim had "No Factual Evidence" to support the theory of alleged offense, describe what effect this would have or had on making diagnoses?

**24.** At trial, where you to be a witness for defense?

**25.** Did the state present any "factual evidence" to support the element of alleged offense alleged by the victim, witness, and state?

**26.** Did you present any "factual evidence" to support the alleged offense by the witness and victim?

**27.** How may "Rape Victims" do you know that would, remain in the same area or place of the alleged rape, remain long enough to gather and retrieve their belongs, and wait an hour or more before notifying authorities or reporting the occurrence, and fail to report it to the nearest person, **i. e.** someone in the same area, place or room which are close by them?

**28.** Did you form meaningful, close working relationship with victim, independently investigate all circumstances and theories of the alleged offense, communicate with victim, determine statutory and non-statutory mitigating circumstances thereof in support of the alleged offense?

**29.** In your examination of the victim, did you conform to the Providers Standard Protocol for Rape, a Standard Rape Kit Protocol, gather evidence **i. e.** clothing, etc. and any test results thereof?

8

**30.** What specifically do you recall about examining the vicitm for constitutionally "infirm or deficient?"

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of "Interrogatories and Motion for Temporary Injunction" hereby served upon "**Madison County Circuit Court of Tennessee** and here-in-named Defendant as follows:

**1.** Each copy there-in and here-in are addressed by Defendant's Name

**2.** That each "Interrogatories" and "Motion for Temporary Injunction" herein and therein being sealed into their own envelopes for security.

**3.** Serving and Filing Papers, when required, A Party shall serve on every other party, a written notice, The Method Of Service, is Service of a copy of a document on a party shall be made, by leaving a copy with court clerk. If "No Address" known, Service is accomplished by "leaving a copy with clerk of Court."

**T.R.C.P., General Provisions, Rule 49(a)(2), (b)(2)(C)**

**1.** Daniel Jones, Jackson Police Department, Investigator
515 S. Liberty St.
Jackson, TN. 38301

**2.** Circuit Court of Madison County, Tennessee
515 S. Liberty Street
Jackson, TN. 38301

**Respectfully Submitted,**

*Jeffery Gaylon Douglas 9/24/12*

**Jeffery Gaylon Douglas, 467106**
**Northwest Correctional Complex**
**960 State Route 212**
**Tiptonville, TN. 38079**

## INTERROGATORIES and MOTION FOR TEMPORARY INJUNCTION



FILED

NOV 0 2 2012

KATHY BLOUNT—_____ CIRCUIT COURT CLERK

DEPUTY CLERK 3:50 P.M.
A.M.

# EXHIBIT

# D

# INTERROGATORIES TO

# GREOGORY D. GOOKIN

# IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE

JEFFERY GAYLON DOUGLAS,

    **PLAINTIFF,**

**vs.**                      Docket Number: _____

GREGORY D. GOOKIN,

    **DEFENDANT,**

---

## INTERROGATORIES TO DEFENDANT
## IN A CIVIL ACTION

---

    **COMES NOW,** the Plaintiff, **Jeffery Gaylon Douglas,** in accordance to Tennessee Rules of Civil Procedure, Rule 33,

        Tennessee Practice, Civil Procedure § 63.1,

        Tennessee Practice, Civil Procedure § 63.3,

        Tennessee Practice, Civil Procedure § 63.5,

        Tennessee Practice, Civil Procedure § 65.1,

        Tennessee Practice, Civil Procedure § 65.2,

        Tennessee Practice, Civil Procedure § 65.3,

        Tennessee Practice, Civil Procedure § 65.4,

        Tennessee Practice, Civil Procedure § 65.5,

        Tennessee Code Annotated § 39-16-701

        Tennessee Code Annotated § 39-16-702

        Tennessee Code Annotated § 39-16-703

        Tennessee Code Annotated § 39-16-705

1

## INTERROGATORIES

**1.** Where there any other motions you could have filed on behalf of your client?

**2.** Were those motions, you listed filed on behalf of your client?

**3.** Did you interview the Victim and the Victim's witnesses?

**4.** Did you interview the Defendant and the Defendant's witnesses?

**5.** Did the prosecution have an expert witness?

**6.** Did you have for the Defendant, an expert "rebuttal" witness?

**7.** At the time of appointment as counsel, was your caseload "more than" you could have handle at that time or during the time of appointment?

**8.** Are you aware of and familiar with Tennessee Rules of Civil Procedure, Rule 8, 1 through 6 and that of the Chapter 1, Rules 1.1 through 1.4?

**9.** Did you comply with the rules as stated therein and in question number eight-(8)?

**10.** Other than witnesses for defense called at trial, were there other witnesses available for defense?

**11.** Does "jury misconduct and improper contact" with interested parties cause pre-justice trial?

**12.** Does a "witness" remaining during trial, whether called or not, and upon request to counsel for removal, cause a pre-justice trial?

**13.** Did the state present any "factual evidence" to support the element of alleged offense alleged by the state, victim and witnesses?

**14.** When applying the "Winship" constitutional stature of 'Guilt Beyond A Reasonable Doubt,' would the Client be guilty of the alleged offense?

**15.** Does "physical proximity or mere present" constitute the alleged offense?

**16.** Did you have any, investigative help, expert help, legal research help, etc.?

**17.** If any, what notes, memorandums, summarized testimony or statements, other documents, conferences, reflected interviews, etc. do you, have in your file that could have been useful at trial, any appeal, and court today?

**18.** Do you have the names of those to which, you interviewed and the statements thereof made during such interview?

7

**19.** What specifically do you recall about examining the indictments for constitutionally "infirm or deficient?"

**20.** Do you have in your possession, copies of News Coverage; you jury instructions, judge's jury instructions, and prosecutor's instructions?

**21.** Provided, did you examine the witnesses, defendant, and victim based solely on the records?

**22.** What specifically do you recall about your opening and closing statement?

**23.** Did you investigate and develop an alternative theory of defense, focus on the injuries to victim, and the circumstantial theories?

**24.** Did you see and confer with your client, before, during and after trial to keep said client properly informed?

**25.** If the state had "No Factual Evidence" to support their theory or theories, and Client had "No Factual Evidence" of proof of innocence, describe what effect this would have or had, quoting supportive laws of theories?

**26.** Did you form meaningful, close working relationship with client, independently investigate all circumstances and theories of the case, communicate to client, determine statutory and non-statutory mitigating circumstances thereof in support of defense?

**27.** Did you prepare the defendant and all defendants' witnesses properly before they testified, file meaningful pre-trial, trial, and appeal motions thereof, investigate all apparently substantial defense available, assert them properly and timely manner?

**28.** Did you or, Do you have, the duty to investigate, require adequate legal research, and properly conform to the Local, State, and Federal Constitutional thereof?

**29.** Did you limit your investigation as counsel, require if limitation is necessary, inquire approval of limitation, and alert client that limitations was being applied?

**30.** Assuming you were professional investigating and presenting mitigating testimony, where there any other mitigating laws that would have beneficial to client, on appeal or any other hearings regarding the alleged offense?

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of "Interrogatories and Motion for Temporary Injunction" hereby served upon here-in-named Defendant as follows:

**1.** Each copy there-in and here-in are addressed by Defendant's Name

**2.** That each "Interrogatories" and "Motion for Temporary Injunction" herein and therein being sealed into their own envelopes for security.

**3.** Serving and Filing Papers, when required, A Party shall serve on every other party, a written notice, The Method Of Service, is Service of a copy of a document on a party shall be made, by leaving a copy with court clerk. If "No Address" known, Service is accomplished by "leaving a copy with clerk of Court."

**T.R.C.P., General Provisions, Rule 49(a)(2), (b)(2)(C)**

**1.** Gregory D. Gookin

   I. C. Railroad Building

   245 West Sycamore St.

   Jackson, TN. 38301

**2.** Circuit Court of Madison County, Tennessee

   515 S. Liberty Street

   Jackson, TN. 38301

**Respectfully Submitted,**

*Jeffery Gaylon Douglas 9/24/12*

**Jeffery Gaylon Douglas, 467106**

**Northwest Correctional Complex**

**960 State Route 212**

**Tiptonville, TN. 38079**

## INTERROGATORIES and MOTION FOR TEMPORARY INJUNCTION

RECEIV.

NOV 5 2012

Madison Cou
Sheriff's

Jeffery Douglas vs State of TN

**RETURN OF SERVICE**

Docket Number: _C-12-278_  _DIV. I_

**I DECLARE UNDER PENALTY** of perjury under the laws of the United States of America that the forgoing documents here-in-listed below and, contained within a SEALED ENVELOPE was personally served upon the Defendant, Gregory D. Gookin, on this the _5th_ day of _November_ , 20_12_ at the place of _245 W. Sycamore St._ _Jackson, TN 38301_

**FILED**

22. Civil Action

23. Temporary Injunction

24. Interrogatories

NOV 07 2012

KATHY BLOUNT, CIRCUIT COURT CLERK

9:55 DEPUTY CLERK

_____A.M. _____P.M.

_O/S Buy Clerk 757_  _11-6-12_
_Kushing_

**Signature of Sever**

X. _____

_546 E. College St._

_Jackson TN 38301_

**Address of Server**

The **Court** has hereby **"Notified"** the **Plaintiff** at the address provided here-in of the date upon which for said Summons and attached documents here-in-listed above was served upon the Defendant here-in-listed above.

_Lilli Corbitt_
D. Clerk
**Signature of Clerk**

515 S. Liberty Street. STE 200

Jackson, TN. 38301

**Address of Server**

11

*Jeffery Douglas vs State of TN*

**RETURN OF SERVICE**

NOV 5 2012

**Docket Number:** *C-12-298 DIV. I*

**I DECLARE UNDER PENALTY** of perjury under the laws of the United States of America that the forgoing documents here-in-listed below and, contained within a SEALED ENVELOPE was personally served upon the Defendant, **Shaun A. Brown,** on this the *5th* day of *November* , 20*12* at the place of *225 Martin Luther King Jr Jackson, TN 38301*

**FILED**
NOV 0 7 2012
KATHY BLOUNT CIRCUIT COURT CLERK
DEPUTY CLERK
9:5 A.M.
P.M.

13. Civil Action

14. Temporary Injunction

15. Interrogatories

X *Shaun A Brown*

*Sig. Jffry Tlw*
*Tullos*
**Signature of Sever**

*546 E. College St.*
*Jackson  TN 38*

**Address of Server**

---

The **Court** has hereby **"Notified"** the **Plaintiff** at the address provided here-in of the date upon which for said Summons and attached documents here-in-listed above was served upon the Defendant here-in-listed above.

*Nelli Canhill*
*D. Clerk*
**Signature of Clerk**

515 S. Liberty Street. STE *200*

Jackson, TN. 38301

**Address of Server**

11

RECEIVE[
NOV 5 2012
Madison County

Jeffery Douglas vs State of TN


**RETURN OF SERVICE**   C



Docket Number: **C-12-278 DIV. I**

**I DECLARE UNDER PENALTY** of perjury under the laws of the United States of America that the forgoing documents here-in-listed below and, contained within a SEALED ENVELOPE was personally served upon the Defendant, **Daniel Jones,** on this the **5th** day of **November**, 20 **12** at the place of **JPD**.

WiTH JPD #09-8547

**31.** Civil Action

**32.** Temporary Injunction

**33.** Interrogatories

FILED
NOV 08 2012
KATHY BLOUNT CIRCUIT COURT CLERK
DEPUTY CLERK
10:10 A.M. _____ P.M.

_____                    546 E. College St,
**Signature of Sever**                     Jackson TN

**Address of Server**

11-7-12      X Danielle S S

The **Court** has hereby **"Notified"** the **Plaintiff** at the address provided here-in of the date upon which for said Summons and attached documents here-in-listed above was served upon the Defendant here-in-listed above.

_____
D. Clerk
**Signature of Clerk**

515 S. Liberty Street. STE **200**

Jackson, TN. 38301

**Address of Server**

11

*Jeffery Douglas vs State of TN*

**RETURN OF SERVICE**

**Docket Number:** _C-12-278 D.16 I_

NOV 5 2012

Madison County

**I DECLARE UNDER PENALTY** of perjury under the laws of the United States of  C

America that the forgoing documents here-in-listed below and, contained within a SEALED

ENVELOPE was personally served upon the Defendant, James G. Woodall, on this the _____

day of _November_ , 20_12_ at the place of _225 Martin Luther King, Jr._

_Jackson, TN  38301_

**43.** Civil Action

**44.** Temporary Injunction

FILED

NOV 08 2012

KATHY BLOUNT, CIRCUIT COURT CLERK

_____ D.C. DEPUTY CLERK A.M. _____ P.M.

_546 E. College St._

**Signature of Sever**

_Jackson TN_

**Address of Server**

_11-7-12_     X     _James A Woodall_

The **Court** has hereby **"Notified"** the **Plaintiff** at the address provided here-in of the date

upon which for said Summons and attached documents here-in-listed above was served upon the

Defendant here-in-listed above.

_Lilli Cantrell_
_D. Clerk_
**Signature of Clerk**

**515 S. Liberty Street. STE** _200_

**Jackson, TN. 38301**

**Address of Server**

11

Jeffery Gaylon Douglas vs State of TN

**RECEIVED**

NOV 5 2012

Madison County
Sheriff's

**RETURN OF SERVICE**

Docket Number: ___C-12-278 DIV-I___

I **DECLARE UNDER PENALTY** of perjury under the laws of the United States of America that the forgoing documents here-in-listed below and, contained within a SEALED ENVELOPE was personally served upon the Defendant, **Donald H. Allen,** on this the ___5th___ day of ___Nov.___, 20 _12_ at the place of ___CJC 2nd floor 515 S. Liberty, Jackson TN___

**FILED**

5. Civil Action
6. Temporary Injunction

NOV 0 8 2012

KATHY BLOUNT, CIRCUIT COURT CLERK

_____ DEPUTY CLERK
10:10 A.M. _____ P.M.

_____          546 E. College
**Signature of Sever**                 Jackson TN

**Address of Server**

X _Donald H. Allen_   November 7th, 2012 at 3:14 p.m.

The **Court** has hereby **"Notified"** the **Plaintiff** at the address provided here-in of the date upon which for said Summons and attached documents here-in-listed above was served upon the Defendant here-in-listed above.

_Kathy Blount_                          515 S. Liberty Street. STE _200_
**Signature of Clerk**                     Jackson, TN. 38301

                                              **Address of Server**

11

**FILED** Jeffrey Gaylon Douglas vs State of TN

NOV 09 2012

KATHY BLOUNT, CIRCUIT COURT CLERK

_____ DEPUTY CLERK _____ P.M.

NOV 5 2012

Madison County

**RETURN OF SERVICE**

**Docket Number:** C-12-278 DIV. I

**I DECLARE UNDER PENALTY** of perjury under the laws of the United States of America that the forgoing documents here-in-listed below and, contained within a SEALED ENVELOPE was personally served upon the Defendant, **Lisa Pierce** on this the 5th day of *November*, 2012 at the place of ___Jackson Clinic North___ Jackson, TN 693-4174

**40.** Civil Action

**41.** Temporary Injunction

**42.** Interrogatories

Personally Served 11-7-12

D/S Asa Duncan

**Signature of Sever**

MCSO

546 E. College St.

**Address of Server**

_____

The **Court** has hereby **"Notified"** the **Plaintiff** at the address provided here-in of the date upon which for said Summons and attached documents here-in-listed above was served upon the Defendant here-in-listed above.

_Lilli Canlett_
D. Clerk
**Signature of Clerk**

515 S. Liberty Street. STE 200

Jackson, TN. 38301

**Address of Server**

11

## IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE

JEFFERY GAYLON DOUGLAS,

**PLAINTIFF,**

**Vs.**

FS , et al,

**DEFENDANT'S**

*FILED*

*NOV 1 4 2012*

*KATHY BLOUNT CIRCUIT COURT CLERK*

*DEPUTY CLERK 2:30 P.M.*

*A.M.*

Docket Number: C-12-278

---

### MOTION FOR TRAIL BY JURY

---

**COMES NOW,** the Plaintiff, **Jeffery Gaylon Douglas,** in accordance to **Tennessee Rules of Civil Procedures, Trail by Jury, Rule 38 et seq** and moves this Honorable Court for an order **GRANTING** a Trail Jury in the for said Action now before this Court, to be heard by jury trial, in support of this Motion the plaintiff will state the following:

1. Any party may demand a trail by jury of any issue triable of the right by jury by demanding the same in any pleading, **by endorsing the demand upon such pleading when it is filed,** [or] **by written demand filed with the clerk,** with notice to all parties within 15 days after the service of last parties raising any issue of fact.

   **T.R. Civ.Proc., Trail by Jury, Rule 38.02**

2. In the demand, a party may specify the issues which party wishes tried, otherwise, the party shall deem to have demanded trail by jury of all issues triable.

   **T.R. Civ.Proc., Trail by Jury, Rule 38.04.**

3. A demand for trial by Jury as herein provided **may not be withdrawn without the consent of all parties** as to whom issues have been joined.

   **T.R. Civ.Proc., Trail by Jury, Rule 38.05**

4. When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as jury action. The trail of all issues so demanded shall be by jury.

   **T.R. Civ.Proc., Trail by Jury, Rule 39.01**

1

**5.**    The courts shall provide by the rule for setting of cases for trial upon request of a party and notice to other parties. Precedence shall be given to actions entitled thereof by any statue of the State of Tennessee.

**Wherefore, The Plaintiff avers** that when ready to proceed in the action, will file such Motion or Notice thereof, and that the Court need only set this action for Trial by Jury Only.

**T.R. Civ.Proc., Trail by Jury, Rule 40**

**For the forgoing reasons,** the Plaintiff avers and moves, that this Honorable Court **GRANT** this motion in accordance to **Tenn. Rules of Civil Procedures, Trail by Jury, Rule 38.01** presented here-in.

That this Honorable Court **GRANT** any other relief the Plaintiff is to wit, entitled to [or] may be entitled thereof.

That this Honorable Court **GRANT** any other relief necessary to comply with the mandatory duties of the statues of the State of Tennessee, the local and county laws, the State and Federal Constitution, and the laws so underlying and provided thereunder and within such statues or constitution thereof.

**Respectfully Submitted,**

*Jeffery G. Douglas 11/12/12*

**Jeffery Gaylon Douglas, 467106**
**Northwest Correctional Complex**
**960 State Route 212**
**Tiptonville, TN. 383079**

**MOTION FOR TRAIL BY JURY**

2

FILED

IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE   NOV 1 4 2012

KATHY BLOUNT CIRCUIT COURT CLERK

DEPUTY CLERK 3.00 P.M

JEFFERY GAYLON DOUGLAS,

**PLAINTIFF,**

Vs.                                                        Docket Number: C-12-278

JENNIFER PLUNK, ET AL.,

**DEFENDANTS,**

---

## MOTION FOR CONSOLIDATION OF CIVIL ACTIONS

---

      **COMES NOW,** the Plaintiff, **Jeffery Gaylon Douglas,** in accordance to **Tennessee Rules of Civil Procedures, Rule 3** and hereby submits this Motion for Consolidation and sets fourth the minimal requirement for consolidation as follows:

**1.**      The Plaintiff would state the Plaintiff filed a **Civil Action** in Docket Number **C-11-96** on April 5th, **2011.**

**2.**      The Plaintiff would state the Plaintiff filed **Torts and Damages** in accordance to **Tenn. Rules of Courts, Preliminary Proceedings, Rule 3 and 4** on or about **February 3rd, 2011.**

**3.**      The Plaintiff would state the Plaintiff filed on or about **November 2nd, 2012** a similar Civil Action within said court in here-in-above Docket Number. Which is against fore said same Defendants in the first Civil Action here-in-named in this action, **Jennifer Plunk,**      **and Ralph Turner.**

**4.**      That the action filed in the here-in-above docket number has named new defendants as parties to the Civil Action, which was not a party in to the first Civil Action filed.

I

**5.** That all Parties named there-in **Docket Number C-11-96** shall be bound by all statements presented in the Second Civil Action.

That All Parties named there-in the Second Civil Action shall be bound by all statements presented in the First Civil Action, [b]oth, which are presented by the Plaintiff.

**6.** The Plaintiff would state the **Tenn. Rules of Civil Procedures, Rule 3** and that the parties there-in-named in the first Civil Action has **"not been served within 90 days"** from issuance regardless of reason.

That the Plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations, [u]nless, the Plaintiff continues the action by obtaining issuance of new process within one year from previous process.

**7.** The Plaintiff would state the **Tenn. Rules of Civil Procedures, Rule 12.07** that a Party who makes a motion under this rule may join it with the other motions herein provided for and then available to the parties.

The Plaintiff hereby includes all defenses and objections then available to the Plaintiff, which this rule permits to be raised by motion to wit avoid waiver of defenses.

**8.** The Plaintiff would state the **Tenn. Rules of Civil Procedures, Rule 24.01(2)** and **24.02.** Both, which states that **"Upon timely application"** anyone shall be permitted to intervene in an action and when a statute confers a conditional right to intervene thereof.

When the applicant claims an interest relating to the transaction which is the subject of the action and applicants interest is adequately represented by existing parties.

**9.** The Plaintiff would state the **Tenn. Rules of Civil Procedures, Rule 42.01** that when **Consolidation** Separate actions involving a common question of law or fact pending before a court, the court may order all actions consolidated or heard jointly, and may make such orders concerning proceedings therein as may **tend to avoid unnecessary costs or delay.**

**For the foregoing reasons,** the Plaintiff moves, that this Honorable Court **GRANT** this motion in accordance to the **Tenn. Rules of Civil Procedures** presented here-in.

That this Honorable Court **GRANT** any other relief the Plaintiff is to wit, entitled to [or] may be entitle to thereof.

**Respectfully Submitted,**

*Jeffery N. Douglas* 11/9/12

**Jeffery Gaylon Douglas, 467106**
**Northwest Correctional Complex**
**960 State Route 212**
**Tiptonville, TN. 383079**

**MOTION FOR CONSOLIDATION OF CIVIL ACTIONS**

III

JEFFERY GAYLON DOUGLAS,

    **Plaintiff,**

**vs.**

Docket Number: _C-12-278_

FS         ET AL,

    **DEFENDANT'S**

---

### CIVIL ACTION
### CAUSE OF ACTION
### AMENDMENT TO CIVIL ACTION

---

| T. C. A. § | Type of Action | Location Thereof | Page |
|---|---|---|---|
| 4-21-701 | Civil Action | | 4 |
| 4-21-702 | Other Remedies, | Civil Action | 8 |
| 4-21-801 | Right to Civil Action, | Civil Action | 2 |
| 29-20-205(1, 2, 5, 6) | Removal of Immunity -- Torts Act Liability Act | | |
| | | Civil Action | 9 |
| | | Cause of Action -- | |
| | | Amendment to Civil Action | 4 |
| 39-11-106(a)(3) | Definitions, | Civil Action | 6 |
| 39-11-401 | Responsible Parties, | Cause of Action -- | |
| | | Amendment to Civil Action | 1, 3 |
| 39-11-402 | Conduct of Another, | Cause of Action -- | |
| | | Amendment to Civil Action | 1 |
| 39-12-103 | Conspiracy, | Civil Action | 7 |
| | | Cause of Action -- | |
| | | Amendment to Civil Action | 1 |

i

| 39-14-112 | Extortion, | Civil Action | 4 |
| | | Torts & Damages "C-11-96" | 1 |
| 39-16-402 | Official Misconduct, | Cause of Action -- | |
| | | Amendment to Civil Action | 3 |
| 36-16-403 | Official Oppression, | Cause of Action -- | |
| | | Amendment to Civil Action | 3 |
| 39-16-701 | Definition of Perjury, | Interrogatories to Defendants | 1, 6 |
| | | Interrogatories to Jury Member | 1 |
| 39-16-702 | Perjury, | Interrogatories to Defendants | 1, 2 |
| | | Interrogatories to Jury Member | 1 |
| 39-16-703 | Aggravated Perjury, | Interrogatories to Defendants | 1, 6 |
| | | Interrogatories to Jury Member | 1 |
| 39-16-705 | Subornation of Perjury, | Interrogatories to Defendants | 1, 6 |
| | | Interrogatories to Jury Member | 1 |
| 39-17-309 | Exercise of Civil Rights, | Civil Action | 5 |
| | | Cause of Action -- | |
| | | Amendment to Civil Action | 1, 3 |

Jeffery Gaylon Douglas, 467106
Northwest Correctional Complex
960 State Route 212
Tiptonville, TN. 38079

**IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE**

FILED
NOV 1 4 2012

KATHY BLOUNT CIRCUIT COURT CLERK
DEPUTY CLERK

JEFFERY GAYLON DOUGLAS,
     **PLAINTIFF,**

        **vs.**              Docket Number: _C-12- 278_

FS           , et al,

     **DEFENDANTS,**

---

### PETITION FOR WRIT OF HABEAS CORPUS
### AD TESTIFICANDUM

---

     **COMES NOW,** the Plaintiff, **Jeffery Gaylon Douglas,** and respectfully moves this court to be issued a **Writ of Habeas Corpus, Ad Testificandum.**

     **THEREFORE,** requiring the **Warden** of **Northwest Correctional Complex,** or the so designated authority, to bring the person of one, **Jeffery Gaylon Douglas,** whose TDOC Number is **467106,** an inmate at **Northwest** before this Honorable Court.

     **WHEREAS,** the purpose of litigating the **"Civil Action"** in the here-in-named Docket Number now before this Honorable Court.

1.     **In support of this Motion,** the Plaintiff will aver that it is pertinent that the Plaintiff be present at the hearing of the above referenced matter.

2.     Plaintiff will aver that, No corruption of blood [or] **forfeiture of estates,** and that no conviction shall work corruption of blood [or] forfeiture of estates. A prisoner **has qualified and restricted Constitutional Right** to institute and prosecute a **civil action** seeking redress for injury [or] damage to his person, vindication of any other legal right. **TN Const. Article I § 2**

I

3.     Plaintiff will aver that, **Open Courts and Redress,** and that all court **shall be open;** and even man, for injury done him in his lands, goods, **person [or] reputation, "Shall have remedy by due course of law",** and right and justice administered **without denial [or] delay.**

    **TN Const. Article I § 17**

4.     Plaintiff will aver that, a **Writ of Habeas Corpus, Ad Testificandum,** is a common law writ, which is used to **enable a prisoner detained** in a jail or **prison** to be brought before the Court to give evidence.

    Despite the absolute language of the T. C. A. statue § 41-21-304(a), Relevant case law supports the proposition that the **Constitutional Right to Due Process and Reasonable Access** to the Courts may sometimes require that a party litigant be **personally present** in Court, even if that litigant is incarcerated.

    **Black Law Dictionary 4th Edition (1957)**

    **Marvin Douglas Brown, No. 01-A-01-9510-CV-0480**

    **Brown vs. Brown,  S.W.2d 1996 WL 563877 Tenn.Ct.App**

5.     Plaintiff will aver that, Prisoners **have a right of access** to the Courts for legitimate purpose; **"We hold"** that there is a presumption that a prisoner **is entitled to be personally present** at Critical Proceedings, such as trial itself. Even more so, when he has **made a timely request** to be present.

    **Price v. Jackson, 334 U.S. 266 at 284-85, 68 S.Ct. 1059-60, 92 L.Ed 1356 at 1369 (1948)**

    **Strube v. Strube, 764 P.2d 731 (Ariz. 1988)**

    **See also, 82 A.L.R. 4th 1063 (1990)**

---

## CONCLUSION

    **Wherefore,** Plaintiff is proceeding **Pro Se** and without counsel at the time of filing of this Motion, **Writ of Habeas Corpus, Ad Testificandum.**

    **Whereas,** Premises considered, Plaintiff request to be allowed to be present at all hearings conducted in the above referenced matter.

## CERTIFICATE OF SERVICE

I, **Jeffery Gaylon Douglas,** hereby certify that a true and exact copy of the forgoing Motion has been mailed, First Class, Postage Paid to:

1.      Circuit Court Clerk
        515 S. Liberty St.
        Jackson, TN. 38301

**Therefore,** Defendant's there-in-named in this cause of action, may at their option, receive a copy of for said Motion, through and by the Clerk's Office thereof. This Petition was mail and done, in accordance to the, **T. R. Civ. P., General Provisions, Rule 49(a)(2), (b)(2)(C)** whereas stated, "by leaving a copy with Court Clerk".

**Respectfully Submitted,**

*Jeffery J. Douglas 11/9/12*

**Jeffery Gaylon Douglas, 467106**
**Northwest Correctional Complex**
**960 State Route 212**
**Tiptonville, TN. 38079**

**Petition for Writ of Habeas Corpus**
**Ad Testificandum**

III

**IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE**

JEFFERY GAYLON DOUGLAS,

      **PLAINTIFF,**

**vs.**                    Docket Number: *C-12-278*

FS             , ET AL,

      **DEFENDANTS,**

---

## CAUSE OF ACTION
## AMENDMENT TO CIVIL ACTION

---

**COMES NOW,** the Plaintiff, **Jeffery Gaylon Douglas,** in accordance to **T.C.A. §§ 39-11-401** and **39-17-309** and hereby show the **CAUSE OF ACTION** as follows:

1.      A Plaintiff may recover damages from abuse **[or]** breach of confidential relationship only by showing that:

    **1.** The Defendant was in position to influence [or] **"Control"** Plaintiff in any one single action or cause of action.

    **2.** The Defendant used the **"Confidence Given"** by Plaintiff to obtain **"advantage over,"** the Plaintiff.

    **3.** The Plaintiff, as the **"Dominated Party"** in the relationship, suffered some detriment at the hands of the Defendant.

**Connie Jean Givens v. Larry McElwaney, W1999-01783-SC-R11-CV, 3.25.2002**

2.      The nature and elements of **"Malicious Prosecution"** is the relationship in which causes such and is:

    **1. Without** Probable Cause,

    **2. Intended** with **Malice,**

    **3.** Terminated in Defendant's favor,

    **4. Intended Malice** on Defendant's Part,

    **5.** Founded on **"Direct and Malicious Motive,"**

    **6.** Designed between **"Two or More Persons"** to cause the results

1

7. **Accomplish** by **"Concerted Action"** an unlawful purpose,

8. Lawful purpose by **"Unlawful Means,"**

9. **"Overt Act"** in furtherance of the **"Criminal Conspiracy,"**

10. Where **"Malice is clearly established,"**

**Jack Lane, E2008-02776-COA-R3-CV**

**Larry E. Parrish, E2004-00875-SC-R11-CV**

**O'Dell, E2007-02619-COA-R3-CV**

**Jerrold L. Becker, E2008--2776-COA-R3-CV**

**William M. Kincad, M2005-00121-COA-R3-CV**

**Patrick Beabreau, E2003-00440-COA-R3-CV**

**Howard & Suzanne Levy, M2002-02730-COA-R3-CV**

**Enda J. Kelly, 46 S.W.3d 742, 6/12/2000**

**Virginia Adernethy, 120 S.W.3d 310, 12/11/2002**

**Charles A. "Z" Buda, 568 S.W.2d 628**

**T.C.A. § 39-12-103**

3.      The **"Requirement"** of probable cause are **"less stringent"** in Civil Proceedings than in Criminal, for the purpose of a **"Subsequent Malicious Prosecution Claim."**

Whereas, **"Abuse of Process or Malicious Abuse of Process"** is its malicious use to obtain results which was **"not intended by law"** to effect. Therefore, **"Malicious use of Process"** is employment of process for its legitimate purpose, but **"Maliciously"** and with probable cause and **"Malice"** in instituting prosecution may be inferred from **"Probable Cause."** It need **not be** ill will, but may be **"Any Motive"** other than good faith purpose to bring offender to justice.

**Enda J. Kelly, 46 S.W.3d 742**

**Deposit Recovery Corporation, 765 S.W.2d 764**

**Oder Dunn, 42 Tenn.App. 108, 299 S.W.2d 25**

**4.**     Perjury strikes at very heart of Judicial System because offends basic principles underlying judicial system and threatens validity of system and **"Seriousness of Perjury"** is predicated upon possibility that **"Perjured Testimony"** may result in **"miscarriage of justice."**

**Therefore,** convincing and cunning witness who **"gives perjured testimony"** may be deemed more creditable than honest, **less convincing witness** causing **"Subornation of Perjury"** that consists of two essential elements that must be procuring:

1. One of **"false swearing"** by another,

2. Person so solicited must **"actually swear falsely"** to a material matter,

**See 8 American Law Report 4th 769 (1981)**

**5.**     The exercise of **Civil Rights Intimidation** shows that the general assembly finds and declares that it is the right of every person to be secured and protected from **fear, intimidation, harassment,** and **bodily injury** caused by individuals.
**T.C.A. § 39-17-309**

**6.**     A person is **"Criminally Responsible"** as a party to an offense, if the offense is committed by the person's own conduct, or **by the conduct of another,** for which the person is criminally responsible, or by both. And each to an offense may be charged with commission of the offense.
**T.C.A. § 39-11-401**

**7.**     A person is **"Criminally Responsible for the conduct of another"** for an offense committed by the conduct of another if:

1. Acting with the culpability required for the offense, the person causes or aids **"irresponsible person"** to engage in conduct prohibited by definition of the offense;

2. Acting with intent to **"assist"** the commission of the offense, or attempts to aid another person to commit the offense;

**3.** Having a duty imposed by law to **"prevent commission"** of the offense and the person **"fails to make reasonable effort"** to prevent commission of the offense.

**T. C. A. § 39-11-402**

**8.**     A public servant commits an offense who, with intent to harm another, intentionally or knowingly;

   **1.** Commits an act relating to servant's office or employment that constitutes an unauthorized exercise of official powers, an act under the **"color or employment"** that exceeds the servant's official powers, an act under **color of office or employment"** who takes **"advantage of"** the actual or purported capacity. Or **"Refrains from performing a duty"** that is imposed by law or **"clearly inherent"** in the nature of the public servant's office or employment.

   **2.** Immunity from suit is removed for injury proximately caused by **"Negligent Act or Omission,"** except injury arises out of:

   **3.** The failure to exercise or perform a discretionary function, **"Whether or Not"** the discretion is abused. The Institution or **"Prosecution"** of any judicial or administrative proceeding, even if **"Malicious or Without Probable Cause."** And a misrepresentation by an employee **"Whether or Not"** such is negligent or intentional.

**T. C. A. § 39-16-402**

**T. C. A. § 39-16-403(b)**

**T. C. A. § 29-20-205(1), (5 & 6)**

---

## PLAINTIFF VERIFICATION and IMMUNITY

   I, **Jeffery Gaylon Douglas,** certify under penalty of perjury, that the forgoing is true and correct to the best of my Knowledge, Information, and Belief.

   **Furthermore,** swear or affirm, to the best of my Knowledge, Information, and Belief, I am justly entitled to the relief sought.

   **Immunity**, Any person making a report under this part shall be immune from civil liability that might otherwise be imposed for such action

**T. C. A. § 38-1-306,**

**1996, Publication Acts, Chapter 842 § 2, Effective April 29th, 1996**

4

## CERTIFICATION OF SERVICE

I hereby certify that a true and exact copy of this **Cause of Action – Amendment to Civil Action,** was hereby served upon Defendants as follows;

**Serving and Filing of Papers,** when required, is A Party serve on every other party, a written notice. The Method of Service, is Service of a copy of a document on a party shall be made, **"by leaving a copy"** with court clerk. If no address is known, Service is accomplished by leaving a copy with clerk of court.

**T.R.C.P., General Provisions, Rule 49(a)(2), (b)(2)(C)**

**1.** Circuit Court of Madison County, Tennessee
515 South Liberty Street
Jackson, TN. 38301

**Respectfully Submitted,**

*Jeffery G. Douglas 11/9/12*

**Jeffery Gaylon Douglas, 467106**
**Northwest Correctional Complex**
**960 State Router 212**
**Tiptonville, TN. 38079**

**CAUSE OF ACTION -- AMENDMENT TO CIVIL ACTION**

FILED

NOV 1 4 2012

KATHY BL____ ___ ___T COURT CLERK

____ CLERK ___ P.M
DEPUTY A.M.

**Filed in the**

**CIRCUIT COURT OF MADISON COUNTY, TENNESSEE**

JEFFERY GAYLON DOUGLAS,

    **PLAINTIFF,**

**vs.**

Docket Number: *C-12-278*

FS           , ET AL.,

    **DEFENDANTS,**

---

### Documents Filed in the above Court and Docket Number

---

      **COMES NOW,** the Plaintiff, **Jeffery Gaylon Douglas,** before **The Circuit Court of Madison County,** having filed a **Civil Action** in the above Docket Number, and having filed together the following documents.

      **Therefore,** Plaintiff, having requested a **'Filed Stamped Copy'** of those documents as proof of receiving and filing in the here-in-named Court.

1. Motion for **Consolidation of Civil Action**
2. Subpoena's
    **1.** Tina I. Hall               **Appear**
    **2.** Janice L Roberson       **Appear**
    **3.** West Tennessee State Penitentiary    **Document Request**
    **4.** Northwest Correctional Complex    **Document Request**
3. Cause of Action - Amendment to Civil Action

1

I, **Jeffery Gaylon Douglas,** Affirm under penalty of perjury, that the foregoing is true and correct to the best of my Knowledge, Information, and Belief.

**Respectfully Submitted,**

*Jeffery S. Douglas 11/9/12*

**Jeffery Gaylon Douglas, 467106**
**Northwest Correctional Complex**
**960 State Route 212**
**Tiptonville, TN. 38079**

---

**I DECLARE UNDER PENALTY** of perjury of the Laws of the **United States of America,** that I received here-in-listed documents on this the _____ day of _____, 20 _____

_____

**Signature of Clerk and Stamp**

2