IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JEFFERY GAYLON DOUGLAS,

    Plaintiff,

v.                                               No. 12-1276

STATE OF TENNESSEE, *et al.*,

    Defendants.

ORDER REMANDING CASE TO THE MADISON COUNTY CIRCUIT COURT

On November 2, 2012, Plaintiff, Jeffery Gaylon Douglas, Tennessee Department of Correction prisoner number 467106, an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee ("NCCX"), filed a *pro se* civil action in the Circuit Court for Madison County, Tennessee against the Defendants, the State of Tennessee; Judge Donald H. Allen; "Jane Doe, Juries 1-13"; "John Doe, Juries 1-13"; Assistant District Attorney Shaun A. Brown; Public Defender Gregory D. Gookin; Jackson Police Department Investigator Danielle Jones, who was sued as "Daniel Jones"; Dr. Lisa Piercey, who was sued as "Lisa Pierce"; Jennifer Plunk; "F.S.," a juvenile; Ralph Turner and District Attorney General James G. Woodall. (Docket Entry ("D.E.") 1-2.) On November 30, 2012, Jones removed the case to federal court and paid the civil filing fee on December 3, 2012. (D.E. 1.) For the reasons stated below, the Court concludes that there is no subject-matter

jurisdiction over the action and remands the case to the Madison County Circuit Court.

By way of background, this action arises out of Plaintiff's convictions for rape and sexual battery of a thirteen-year-old girl, which were obtained in the same state court where this lawsuit originated. Douglas was sentenced to concurrent terms of imprisonment of ten years for the rape and two years for the sexual battery. His convictions were affirmed on direct appeal. State v. Douglas, No. W2010-00986-CCA-R3-CD, 2011 WL 915052 (Tenn. Crim. App. Mar. 16, 2011), *app. denied* (May 25, 2011). The denial of post-conviction relief was affirmed by the Tennessee Court of Criminal Appeals. Douglas v. State, No. W2012-00012-CCA-R3-PC, 2013 WL 1557363 (Tenn. Crim. App. Apr. 9, 2013). The Defendants in the instant suit include the victim (F.S.), the victim's mother (Plunk), the victim's mother's boyfriend (Turner), the trial court judge (Allen), an expert witness at trial (Piercey), the police investigator (Jones), the prosecutors (Brown and Woodall), and defense counsel (Gookin).

Douglas's claims are based on the premise that he was wrongfully prosecuted. However, his complaint contains no factual allegations and the assertions therein are difficult to decipher. It appears that Plaintiff has included state-law claims for malicious prosecution (D.E. 1-2 ¶ 1), "intentional infliction of emotional distress by means of extreme and/or outrageous conduct" (id. ¶ 2; *see also* id. ¶¶ 3-5 & 7-9), "deception" (id. ¶ 15), civil conspiracy (id. ¶ 16), and, perhaps, malicious harassment (id. ¶¶

2

10 & 11). An amendment to the complaint asserts claims for malicious prosecution and perjury. (D.E. 1-3.)

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction.

Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed 2d 391 (1994) (internal citations omitted); *see also* Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."), *reh'g denied*, 476 U.S. 1132, 106 S. Ct. 2003, 90 L. Ed. 2d 682 (May 19, 1986); Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701, 102 S. Ct. 2099, 2104, 72 L. Ed. 2d 492 (1982) ("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374, 98 S. Ct. 2396, 2403, 57 L. Ed. 2d 274 (1978) (same).

"A party seeking to invoke the jurisdiction of the federal courts . . . bears the burden of establishing that such jurisdiction exists." Ohio *ex rel*. Skaggs v. Brunner, 549 F.3d

468, 474 (6th Cir. 2008) (per curiam). "Removing defendants bear the burden of establishing federal subject-matter jurisdiction." Ahearn v. Charter Twp. of Bloomfield, 100 F.3d 451, 453-54 (6th Cir. 1996). A district court may address the issue of subject-matter jurisdiction of a removed case *sua sponte*. Probus v. Charter Commc'ns, LLC, 234 F. App'x 404, 406 (6th Cir. 2007). Although a district court may not remand a case *sua sponte* because of a procedural defect in the removal, Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995), a *sua sponte* remand for want of subject-matter jurisdiction is permitted, Lexington-Fayette Urban Cnty. Gov't Civil Serv. Comm'n v. Overstreet, 115 F. App'x 813, 816-17 (6th Cir. 2004), *cert. denied*, 544 U.S. 1049, 125 S. Ct. 2295, 161 L. Ed. 2d 1088 (2005).

The notice of removal states that "Douglas alleges that this is a 'civil rights claim action' . . . and he bases his claims on 'the laws of the United States' and 'the Federal Constitution.'" (D.E. 1 ¶ 5 (internal footnotes omitted).) Defendant Jones contends that, "[b]ecause this Court has original jurisdiction over claims arising under the laws of the United States, the Court has jurisdiction in this case." (Id. ¶ 6 (internal footnotes omitted).) Thus, she asserts that this Court has federal question jurisdiction under 28 U.S.C. § 1331.

"Except as expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United

States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A federal district court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Whether a claim presents a federal question is determined by looking to the plaintiff's statement of his own claim." Overstreet, 115 F. App'x at 816 (internal quotation marks omitted); *see also* Kitzmann v. Local 619-M Graphic Commc'ns Conference of Int'l Bhd. of Teamsters, 415 F. App'x 714, 716 (6th Cir. 2011) ("Our review of whether federal-question jurisdiction exists is governed by the well-pleaded complaint rule, which provides that jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint.").

> In determining whether a claim arises under federal law, [the court is to] look only to the well-pleaded allegations of the complaint and ignore potential defenses that the defendant may raise. . . . Although the well-pleaded-complaint rule focuses on what the plaintiff alleges, it allows a court to look past the words of a complaint to determine whether the allegations, no matter how the plaintiff casts them, ultimately involve a federal question. In addition to causes of action expressly created by federal law, federal-question removal thus also reaches ostensible state-law claims that (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise.

Brunner, 549 F.3d at 474-75 (internal quotation marks, alterations & citations omitted). A state-law claim does not "arise under" federal law "when the complaint on its face states alternate theories supporting a state-law claim, at least one of which does

5

not involve a federal question." Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 760 (6th Cir. 2000).

Douglas's complaint, as amended, does not appear to assert any claim arising under the Constitution or laws of the United States. The characterization of his complaint as a "Civil Rights Claim Action" does not, on its face, indicate an intention to assert a federal claim. The statements on which Jones relies are the following:

> **COME NOW,** the Plaintiff, **Jeffery Gaylon Douglas**, pursuant to **T.C.A. § 4-21-801 et seq, the Tenn. Rules of Court, Preliminary Proceedings, Rule 3 and 4** in the above cause and avers this action for the intentional alleged infliction and hereby brings this **Civil Rights Claim Action** in the amount of **Two Million Dollars (2M)** against the here-in-named Defendants as follows:

(D.E. 1-2 at 2.) On its face, this paragraph purports to sue under Tennessee Code Annotated §§ 4-21-801 *et seq.*, which is titled the "Civil Rights Act of 1990."

The only other reference to a civil rights action appears in paragraph fourteen of the complaint, which states:

> Pro Se Litigant bring **Civil Rights Suit** in **Forma Pauperis** is entitled to five protections:
>
> 1. Process, Issues [sic], and Served[.]
>
> 2. Notice thereafter made by defendants or the court to dismiss the complaint and grounds therefor.
>
> 3. Opportunity to submit a written memorandum in opposition to such motions[.]
>
> 4. In the event of dismissal, a statement of the grounds thereof.
>
> 5. Opportunity to amend the complaint to overcome the deficiency unless it clearly appears from the

6

> complaint that the deficiency cannot be overcome by amendment.
> **[N]oll v. Car[l]son, 809 F.2d 1446 (9th Cir. 1987)**
>
> 6. Be allowed some degree of flexibility in pleading Plaintiff's action and be ensured meaningful access to the court.
> **Bo[g]uslavsky v. Kaplan, 159 F.3d 715 (2d Cir. 1998)**
> **Rand[] v. Rowland, 154 F.3d 952 (9th Cir. 1998)**
>
> 7. Pro Se prisoner Litigant's pleadings must be construed liberal [sic] on Motion for judgement[.]
> **Frost v. Symington, 197 F.3d 348 (9th Cir. 1999)**

(Id. ¶ 14.) The cases cited address procedural rules applied in some jurisdictions to federal suits filed by *pro se* litigants. *See* Frost v. Symington, 197 F.3d 348, 352-53 (9th Cir. 1999) (in suit under 42 U.S.C. §§ 1983 and 1985, *pro se* prisoner's claims must be construed liberally on a motion for summary judgment); Boguslavsky v. Kaplan, 159 F.3d 715, 718-19 (2d Cir. 1998) (in *pro se* suit under the Securities Exchange Act of 1934, court noted that it should allow "some degree of flexibility in pleading his action"); Rand v. Rowland, 154 F.3d 952, 955-58 (9th Cir. 1998) (addressing "fair notice" of summary judgment requirements to be provided to *pro se* prisoners litigating claims under § 1983), *cert. denied*, 527 U.S. 1035, 119 S. Ct. 2392, 144 L. Ed. 2d 793 (1999); & Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) ("A *pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment" in Bivens action).

Paragraph fourteen is a statement of the procedural protections to which Plaintiff believes he is entitled as a *pro se*

7

prisoner. That some of the cases cited arose under § 1983 does not establish that he intended to assert a § 1983 claim. The paragraph does not assert a substantive right to relief against any Defendant and, therefore, it cannot provide a basis for removal.

Jones also contends that Douglas "bases his claims on 'the laws of the United States' and 'the Federal Constitution.'" (D.E. 1 ¶ 5.) In support, she cites paragraphs twenty and twenty-one of the complaint. (<u>Id.</u> at n.10.) Those paragraphs provide as follows:

> 20. Plaintiff avers that the Court **GRANT** any other relief to which Plaintiff may be or is entitled thereof. In additional [sic], the Court **GRANTS** any other relief that is applicable and/or necessary to perform the mandatory duties of the Court, Local Constitution, State Constitution, United States Constitution, and the laws thereof.
>
> 21. Motion in Opposition to "any Defendant's Motion" of Dismissing or Squashing [sic] of said Civil action or Subpoena, the Plaintiff hereby avers, whether or not cited here-in this action, the laws which support this action, and that:
>
>     1. The alternative remedies are preserved;
>
>     2. The privileges are secured by the constitution,
>
>     3. Of the laws of the United States,
>
>     4. Of the State Constitution,
>
>     5. Of the Federal Constitution,
>
>     6. Of the laws of the state of Tennessee,
>
> **T.C.A. § 4-21-702**
> **See Page Five (5), Paragraph Eleven (11)**

(D.E. 1-2 ¶¶ 20-21.)

These paragraphs do not, on their face, allege a right to relief against any Defendant under the United States Constitution or federal law. To the extent these paragraphs can be deciphered, it appears that Plaintiff is asking the Court to afford him every appropriate procedural protection to which he may be entitled.

That Douglas's substantive claims arise under Tennessee law is made clear by the citations in paragraph twenty-one of the complaint. Tennessee Code Annotated § 4-21-702, which is cited therein, states the remedies for malicious harassment. (*See also* D.E. 1-2 ¶ 10 (noting that Tenn. Code Ann. § 4-21-701 provides a cause of action for malicious harassment).)

Paragraph twenty-one also contains a cross-reference to paragraph eleven of the complaint, which refers to the remedies available on a state-law claim of malicious harassment and quotes (or misquotes) Tennessee Code Annotated § 39-17-309, a criminal statute which provides in pertinent part as follows:

> (a) The general assembly finds and declares that it is the right of every person regardless of race, color, ancestry, religion or national origin, to be secure and protected from fear, intimidation, harassment and bodily injury caused by the activities of groups and individuals. . . .
>
> (b) A person commits the offense of intimidating others from exercising civil rights who:
>
> . . . .
>
> (2) Injures or threatens to injure or coerces another person with the intent to unlawfully intimidate another because that other exercised any right or privilege secured by the constitution or laws of the United States or the constitution or laws of the state of Tennessee . . . .

9

Paragraph eleven does not clearly purport to assert a claim under § 39-17-309, a criminal statute that prohibits civil rights intimidation. There is no private right of action under § 39-17-309. Davis v. Tenn. Wildlife Res. Agency, No. W2005-00406-COA-R3-CV, 2006 WL 861352, at *7 (Tenn. Ct. App. Apr. 5, 2006), *app. denied* (Oct. 2, 2006). The Tennessee Supreme Court has held that a civil claim for malicious harassment under § 4-21-701[1] must be read in light of § 39-17-309 and, specifically, that

> a claim of malicious harassment requires not only that a person acted maliciously, i.e., ill-will, hatred or spite, but also that a person unlawfully intimidated another from the free exercise or enjoyment of a constitutional right by injuring or threatening to injure or coercing another person or by damaging, destroying or defacing any real or personal property of another person.

Washington v. Robertson Cnty., 29 S.W.3d 466, 473 (Tenn. 2000). As previously noted herein, paragraphs ten and eleven of the complaint might be construed as an attempt to assert a malicious harassment claim.

Douglas's state-law claim for malicious harassment arises under federal law only if it "necessarily depend[s] on a substantial and disputed federal issue." Brunner, 549 F.3d at 475. Among the requirements for a claim for malicious harassment under

---

[1] The statute provides:

(a) There is hereby created a civil cause of action for malicious harassment.

(b) A person may be liable to the victim of malicious harassment for both special and general damages, including, but not limited to, damages for emotional distress, reasonable attorney's fees and costs, and punitive damages.

Tenn. Code Ann. § 4-21-701.

10

Tennessee law is that the plaintiff "exercised any right or privilege secured by the constitution or laws of the United States or the constitution or laws of the state of Tennessee." Tenn. Code Ann. § 39-17-309(b)(2) (misquoted in paragraph twenty-one of the complaint). Jones' theory of removal appears to be that a violation of the United States Constitution or federal law is an essential element of Plaintiff's claim for malicious harassment. This analysis is flawed. Because Plaintiff can prevail on his malicious harassment claim if he "exercised any right of privilege secured by the constitution or laws of the United States *or the constitution or laws of the state of Tennessee*," Tenn. Code Ann. § 39-17-309(b)(2) (emphasis added), "the resolution of federal law is not necessary or essential to the resolution of [his] state law claim[]," Mitchell v. Lemmie, 231 F. Supp. 2d 693, 700 (S.D. Ohio 2002). *See also* Long, 201 F.3d at 760 (no federal question where plaintiff's complaint "offered state as well as federal policies as evidence of his wrongful discharge").

Therefore, Jones' notice of removal does not adequately establish that Plaintiff's complaint arises under the Constitution or laws of the United States. Because federal jurisdiction over this matter is lacking, the case is REMANDED to the Madison County Circuit Court. All pending motions are DENIED as moot. The Clerk is directed to close the case without entry of a judgment.

Pursuant to 28 U.S.C. § 1447(d), orders remanding a case to the state court from which it was removed for want of subject-matter jurisdiction are not appealable.

The Clerk is DIRECTED, pursuant to 28 U.S.C. § 1447(c), to mail a certified copy of this order to the Clerk of the Madison County Circuit Court.

IT IS SO ORDERED this 3rd day of September 2013.

                                      s/ J. DANIEL BREEN
                                      CHIEF UNITED STATES DISTRICT JUDGE